IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SOURCEONE GLOBAL PARTNERS, LLC,** | ) ) ) | FILED: DECEMBER 29, 2008 <br> 08CV7403 <br> JUDGE ASPEN <br> MAGISTRATE JUDGE SCHENKIER <br> TG |
| **Plaintiff,** | ) ) | **Case No.:** |
| v. | ) ) | **Jury Trial Demanded** |
| **KGK SYNERGIZE, INC.,** | ) ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff SourceOne Partners, LLC, by and through its undersigned counsel, and for its Complaint against Defendant KGK Synergize, Inc., states as follows:

## THE PARTIES

1. Plaintiff SourceOne Partners, LLC ("Plaintiff" or "SourceOne") is an Illinois limited liability company having a principal place of business at 445 E. Illinois, Suite 345, Chicago, Illinois 60611.

2. Defendant KGK Synergize, Inc. ("Defendant" or "KGK") is a Canadian corporation having a principal place of business at Suite 1440, One London Place, 255 Queens Avenue, London, Ontario, Canada N6A 5R8.

## JURISDICTION AND VENUE

3. The claims asserted by SourceOne are for (1) declaratory relief under the patent and trademark laws of the United States of America; (2) tortious interference with contractual rights and prospective economic advantage; (3) injurious falsehood, product disparagement, and defamation per se; and (4) unfair competition under both the common law and the Lanham Act.

4.      This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d). Personal jurisdiction exists over KGK in this District by virtue of 735 ILCS § 5/2-209 because it has transacted business within the State of Illinois, committed tortious acts within the State of Illinois, and made and performed contracts substantially connected with the State of Illinois.

## BACKGROUND FACTS

5.      SourceOne and KGK entered into a License Agreement, dated June 20, 2003 (the "License Agreement"), pursuant to which KGK licensed certain intellectual property to SourceOne, as more fully set forth therein. The License Agreement was amended on or about January 24, 2007. A true and correct copy of the License Agreement, as amended, is attached as **Exhibit 1** hereto.

6.      Pursuant to the License Agreement, SourceOne has been the exclusive licensee to sell a product called Sytrinol® during the term of the License Agreement as a nutritional supplement for promoting heart health.

7.      In late 2007, SourceOne first announced that it had developed a new, different, and superior nutritional supplement called Cholesstrinol™ for promoting heart health.

8.      During the term of the License Agreement, certain disputes arose between SourceOne and KGK. As a result, an arbitration proceeding was commenced in Ontario, Canada by KGK. Those proceedings were ultimately settled pursuant to Minutes of Settlement, dated December 18, 2007 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 2**.

9. Among other things, the Settlement Agreement provided that the License Agreement would terminate on December 31, 2008, and that SourceOne would continue to be the exclusive licensee of Sytrinol® through December 31, 2008, all as more fully set forth therein.

10. Beginning in late 2008, KGK began sending threatening letters to certain current and potential customers, suppliers and business associates of SourceOne, stating that it was the owner of U.S. Patent No. 6,239,114 (the "'114 Patent"), U.S. Patent No. 6,251,400 (the "'400 Patent") and U.S. Patent No. 6,987,125 (the "'125 Patent"), that it considered the sale of Cholesstrinol™ to be an infringement of the above-referenced patents as of January 1, 2009, and that it would "strictly pursue any patent infringements by whatever means are necessary." A true and correct copy of one of KGK's letters to SourceOne's customers, suppliers, and business associates is attached hereto as **Exhibit 3**. A true and correct copy of the '114 Patent is attached hereto as **Exhibit 4**; a true and correct copy of the '400 Patent is attached hereto as **Exhibit 5**; and a true and correct copy of the '125 Patent is attached hereto as **Exhibit 6**.

11. As a direct and proximate result of KGK's letters and the threats made therein, certain customers of SourceOne have indicated that they will not sell Cholesstrinol™ or supply SourceOne with the ingredients necessary to make Cholesstrinol™.

12. On or about December 11, 2008, KGK, through its attorneys, sent a cease-and-desist letter to SourceOne, again alleging, among other things, that it considered the making, selling, and offering for sale of Cholesstrinol™ to be an infringement of the '114 Patent, the '400 Patent, and the '125 Patent as of January 1, 2009. The letter demanded that "SourceOne and its affiliates immediately cease and desist any and all of its infringing activities." The letter further stated that KGK would pursue legal action against SourceOne if sales of Cholesstrinol™

3

occurred after the December 31, 2008 termination of the License Agreement. KGK also alleged for the first time that it considered SourceOne's use of the mark Cholesstrinol™ to be an infringement of its federally registered trademark for Sytrinol® and its purported common law trademark for Sytrinol™ (collectively, "the Sytrinol Marks") and threatened legal action on those grounds. The letter demanded a response by December 29, 2008. A true and correct copy of KGK's cease-and-desist letter to SourceOne is attached hereto as **Exhibit 7**.

13. SourceOne is currently making, using, offering for sale, and selling Cholesstrinol™, and intends to continue to make, use, offer for sale, and sell Cholesstrinol™ as of January 1, 2009. SourceOne has expended substantial resources in developing and marketing the Cholesstrinol™ family of products. KGK's threats to pursue claims of patent and trademark infringement litigation against SourceOne, and its threats to SourceOne's customers, potential customers, and suppliers have created a substantial controversy between the parties. The parties clearly have adverse legal interests and the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT – '114 PATENT

14. SourceOne incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

15. This is a claim for a declaratory judgment that the '114 Patent is not infringed by SourceOne, either directly or as an inducing or contributory infringer.

16. SourceOne promotes, markets, offers for sale, and sells nutritional supplements for promoting heart health under the name Cholesstrinol™.

17. KGK has alleged that SourceOne's Cholesstrinol™ products infringe one or more claims of the '114 Patent that it owns.

18. The Cholesstrinol™ products do not infringe any valid or enforceable claim of the '114 Patent.

19. SourceOne has not directly infringed, induced the infringement of, nor has it been a contributory infringer, of any of the claims of the '114 Patent.

20. There is a justiciable controversy between the parties regarding the non-infringement of the '114 Patent by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
## OF '114 PATENT

21. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

22. This is a claim for declaratory judgment of invalidity of the '114 Patent.

23. Each of the claims of the '114 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

24. The claims of the '114 Patent are also invalid for lack of enablement, insufficient written description, indefiniteness, and/or failure to disclose the best mode of the invention under 35 U.S.C. § 112 in that the claims of the '114 patent are vague and indefinite and incorporate methods and limitations that are neither disclosed, described in, explained by, nor enabled by the specification of the '114 patent. There is a justiciable controversy between the parties regarding the invalidity of the '114 Patent, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

## COUNT III
## DECLARATORY JUDGMENT OF NONINFRINGEMENT – '400 PATENT

25. SourceOne incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

26. This is a claim for a declaratory judgment that the '400 Patent is not infringed by SourceOne, either directly or as an inducing or contributory infringer.

27. SourceOne promotes, markets, offers for sale, and sells nutritional supplements for promoting heart health under the name Cholesstrinol™.

28. KGK has alleged that SourceOne's Cholesstrinol™ products infringe one or more claims of the '400 Patent that it owns.

29. The Cholesstrinol™ products do not infringe any valid or enforceable claim of the '400 Patent.

30. SourceOne has not directly infringed, induced the infringement of, nor has it been a contributory infringer, of any of the claims of the '400 Patent.

31. There is a justiciable controversy between the parties regarding the non-infringement of the '400 Patent by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY
## OF '400 PATENT

32. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

33. This is a claim for a declaratory judgment of invalidity of the '400 Patent.

34. Each of the claims of the '400 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary

skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

35. The claims of the '400 Patent are also invalid for lack of enablement, insufficient written description, indefiniteness, and/or failure to disclose the best mode of the invention under 35 U.S.C. § 112 in that the claims of the '400 patent are vague and indefinite and incorporate methods and limitations that are neither disclosed, described in, explained by, nor enabled by the specification of the '400 patent.

36. There is a justiciable controversy between the parties regarding the invalidity of the '400 Patent, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

## COUNT V
## DECLARATORY JUDGMENT OF NONINFRINGEMENT – '125 PATENT

37. SourceOne incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

38. This is a claim for a declaratory judgment that the '125 Patent is not infringed by SourceOne, either directly or as an inducing or contributory infringer.

39. SourceOne promotes, markets, offers for sale, and sells nutritional supplements for promoting heart health under the name Cholesstrinol™.

40. KGK has alleged that SourceOne's Cholesstrinol™ products infringe one or more claims of the '125 Patent that it owns.

41. The Cholesstrinol™ products do not infringe any valid or enforceable claim of the '125 Patent.

42. SourceOne has not directly infringed, induced the infringement of, nor has it been a contributory infringer, of any of the claims of the '125 Patent.

43. There is a justiciable controversy between the parties regarding the non-infringement of the '125 Patent by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY
## OF '125 PATENT

44. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

45. This is a claim for declaratory judgment of invalidity of the '125 Patent.

46. Each of the claims of the '125 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

47. The claims of the '125 Patent are also invalid for lack of enablement, insufficient written description, indefiniteness, and/or failure to disclose the best mode of the invention under 35 U.S.C. § 112 in that the claims of the '125 patent are vague and indefinite and incorporate methods and limitations that are neither disclosed, described in, explained by, nor enabled by the specification of the '125 patent.

48. There is a justiciable controversy between the parties regarding the invalidity of the '125 Patent, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

### COUNT VII
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE SYTRINOL MARKS

49. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

50. This is a claim for a declaratory judgment that the Sytrinol Marks are not infringed by SourceOne in any way through its actions in connection with the License Agreement or through the adoption and use of the Cholesstrinol™ mark.

51. SourceOne promotes, markets, offers for sale, and sells nutritional supplements for promoting heart health under the name Cholesstrinol™.

52. KGK has alleged that SourceOne's Cholesstrinol™ mark infringes the Sytrinol Marks.

53. The adoption and use of the Cholesstrinol™ mark does not infringe the Sytrinol Marks. There is no likelihood of confusion between the Cholesstrinol™ mark and the Sytrinol Marks. There are substantial differences between the sight, sound and commercial impression of the Cholesstrinol™ mark and the Sytrinol Marks. The dominant portion of the Cholesstrinol™ mark (i.e., the prefixes "CHOL" and "LESS" is completely distinct from anything found in the Sytrinol Marks. Further, the extension "TRINOL" is common in many different fields (including both the pharmaceutical field and the nutritional supplement field) and there are a number of registered marks that incorporate this extension. On information and belief, there is no evidence of actual confusion between the Cholesstrinol™ mark and the Sytrinol Marks. There is no evidence of bad faith by SourceOne in the adoption and use of the Cholesstrinol™ mark.

54. The Sytrinol Marks are weak or descriptive marks, and there is no secondary meaning associated with the Sytrinol Marks.

55. There is a justiciable controversy between the parties regarding the non-infringement of the Sytrinol Marks by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RIGHTS

56. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

57. SourceOne has valid and enforceable agreements with customers to purchase Cholesstrinol™ and with suppliers to supply it with the ingredients necessary to make Cholesstrinol™.

58. At all times relevant, KGK was aware of these agreements and contractual relationships.

59. Beginning in late 2008, KGK began sending threatening letters to customers and suppliers of SourceOne, stating that it was the owner of the '114 Patent, the '400 Patent, and the '125 Patent, falsely stating that the sale of Cholesstrinol™ would infringe the above-referenced patents as of January 1, 2009, and further stating that KGK would "strictly pursue any patent infringements by whatever means are necessary." *See* Exhibit 3.

60. In making the false and misleading representations relating to the allegedly infringing nature of SourceOne's products and the validity and enforceability of KGK's patent rights, KGK intentionally and unjustifiably interfered with SourceOne's contractual relationships with customers and suppliers, and induced breaches of contract by those customers. KGK had no reasonable basis in law or fact for its false statements.

61. KGK interfered with these contractual relationships in an attempt to gain a competitive advantage and with the malicious intent to cause harm to SourceOne.

62. As a direct and proximate result of KGK's willful and intentional interference with these contractual relationships, customers have breached their contracts with SourceOne to purchase and sell Cholesstrinol™.

63. As a direct and proximate result of KGK's willful and intentional interference with these relationships, SourceOne has suffered, and continues to suffer damages, including lost profits derived from its relationships with customers and prospective customers and other intangible economic injuries for which it is entitled to compensation and equitable relief.

64. KGK acted willfully and maliciously in interfering with SourceOne's contractual relationships as set forth herein.

## COUNT IX
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

65. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

66. Because of its quality service and products, SourceOne has developed business relationships with several customers and suppliers, through which it has derived or has the potential to derive substantial economic benefit. SourceOne had a reasonable expectation of entering into valid business relationships with these customers for the sale and purchase of Cholesstrinol™, and of entering into valid business relationships with these suppliers for the supply of the ingredients necessary to make Cholesstrinol™.

67. KGK was aware of these relationships and has interfered, and is continuing to interfere, with them with the malicious and purposeful intent to injure SourceOne and defeat SourceOne's reasonable business expectancy through the use of wrongful means, including

fraudulent and misleading representations pertaining to the patented nature of its products and the allegedly infringing nature of SourceOne's products directed towards SourceOne's current and potential customers and suppliers. KGK has no reasonable basis in law or fact for these false statements.

68.     Such interference has resulted in and continues to result in irreparable injury to SourceOne's goodwill and reputation in addition to proximately causing harm in the form of lost profits for which SourceOne is entitled to compensation and injunctive relief.

69.     As a direct and proximate result of KGK's willful and intentional interference with these relationships, current and potential customers have been intimidated into not purchasing Cholesstrinol™.

70.     As a direct and proximate result of KGK's willful and intentional interference with these relationships, SourceOne has suffered, and continues to suffer damages, including lost profits derived from its relationships with customers and prospective customers and other intangible economic injuries for which it is entitled to compensation and equitable relief.

71.     KGK acted willfully and maliciously in interfering with SourceOne's contractual relationships as set forth herein.

## COUNT X
## INJURIOUS FALSEHOOD AND PRODUCT DISPARAGEMENT

72.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

73.     Written and verbal representations impliedly or expressly stating that SourceOne's Cholesstrinol™ nutritional supplement infringes KGK's valid and enforceable patent rights were made to SourceOne's customers, potential customers, and suppliers despite KGK's knowledge that these statements were false.

74. The false and derogatory statements made by KGK about the business dealings and products of SourceOne were made maliciously and without justifiable excuse, as part of a calculated effort expressly intended to prevent others from supplying, or dealing with, or purchasing products from SourceOne.

75. Such statements played, and continue to play, a material and substantial part in inducing customers, potential customers, and suppliers not to deal with SourceOne.

76. In addition, as the direct and proximate result of KGK's false statements, SourceOne has been damaged as it has been forced to expend, and continues to expend, significant employee hours and other resources as well as legal fees and costs in an effort to combat the effects of KGK's false statements.  The costs sustained by SourceOne as the result of KGK's false misrepresentations are continuing to accrue.

77. KGK has acted willfully and maliciously in making the false statements referenced herein.

## COUNT XI
## DEFAMATION PER SE

78. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

79. In its written and verbal communications with various customers, potential customers, and suppliers of SourceOne, KGK states that SourceOne infringes valid and enforceable patent rights owned by KGK.

80. These purported factual statements were false at the time they were made and continue to be false.  Said statements were transmitted by KGK to third parties either verbally or in writing with the malicious intent to injure SourceOne's business, without justification or excuse, without any reasonable basis in law or fact, and with knowledge of their falsity.

81. KGK's false statements impugn the integrity of SourceOne's business practices and are the direct, immediate, and proximate cause of irreparable damage to SourceOne's reputation in the marketplace rendering these statements defamatory *per se* such that SourceOne is entitled to damages.

82. KGK has acted willfully and maliciously in making the false statements referenced herein.

## COUNT XII
## COMMON LAW UNFAIR COMPETITION

83. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

84. KGK made false and misleading representations to customers, potential customers, suppliers, and those with whom SourceOne had existing economic relations that products developed and sold by SourceOne infringe valid and enforceable patent rights owned by KGK.

85. KGK made these statements without a reasonable belief that SourceOne's products could possibly infringe any valid or enforceable patent issued to KGK.

86. KGK's statements were made without a reasonable factual or legal basis in an effort to undermine SourceOne's position in the marketplace and to unfairly gain a competitive advantage over SourceOne.

87. KGK's statements and misrepresentations proximately caused, and continue to cause, immediate and irreparable harm to SourceOne's goodwill and commercial reputation for which there is no adequate remedy at law in addition to causing lost sales and lost profits for which SourceOne is entitled to monetary and equitable relief.

## COUNT XIII
## UNFAIR COMPETITION UNDER THE LANHAM ACT

88. SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

89. This is a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125.

90. KGK made false and misleading representations to SourceOne's customers, potential customers, and suppliers in order to promote its products and to disparage SourceOne's products, *e.g.,* that products developed and sold by SourceOne infringe valid and enforceable patents owned by KGK.

91. KGK's false and misleading statements actually deceived or are likely to deceive a substantial segment of the intended audience, *i.e.,* SourceOne's customers, suppliers, and potential customers for the accused products.

92. KGK's false and misleading statements are material in that they have influenced or are likely to influence purchasing decisions of SourceOne's customers and potential customers for the accused products.

93. KGK caused the false and misleading statements to enter interstate commerce.

94. KGK's false and misleading statements have resulted in actual or probable injury to SourceOne by causing actual, and/or potential customers not to purchase SourceOne's accused products.

95. KGK's false and misleading statements were undertaken in bad faith in that they were made with knowledge of the invalidity and/or unenforceability of it patents and with knowledge that SourceOne's accused products do not infringe any valid or enforceable claim of any patents owned by KGK.

96. KGK's statements and misrepresentations proximately caused and continue to cause immediate and irreparable harm to SourceOne for which there is no adequate remedy at law in addition to causing SourceOne to suffer lost profits, lost sales, and to incur attorneys' fees, court costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, SourceOne Global Partners, L.L.C. prays for judgment as follows:

a. For judgment in SourceOne Global Partners, L.L.C.'s favor and against Defendant KGK Synergize, Inc. on Counts I through XIII of the Complaint;

b. For a judicial determination and declaration that SourceOne Global Partners, L.L.C. has not infringed, contributed to the infringement of, or induced the infringement of any valid, enforceable claim of U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, or U.S. Patent No. 6,987,125;

c. For a declaration that U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, and U.S. Patent No. 6,987,125 are invalid, in whole or in part;

d. For a judicial determination and declaration that SourceOne Global Partners, L.L.C. has not infringed the Sytrinol Marks;

e. For costs of suit and reasonable attorneys' fees pursuant to the "exceptional case" provision of 35 U.S.C. § 285 and other applicable law, because KGK Synergize, Inc. has accused SourceOne Global Partners, L.L.C. of patent infringement despite knowing that U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, and U.S. Patent No. 6,987,125 are invalid and not infringed by SourceOne;

f. For a preliminary and permanent injunction enjoining KGK and all of its officers, agents, employees, representatives and counsel, and all persons in active concert or participation with any of them, directly or indirectly, from charging infringement or instituting any action for infringement of U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, and U.S. Patent No. 6,987,125 against SourceOne and/or any of its customers or contractors;

g. For a preliminary and permanent injunction enjoining KGK and all of its officers, agents, employees, representatives and counsel, and all persons in active concert or participation with any of them, directly or indirectly, from charging infringement or instituting any action for trademark infringement of the Sytrinol Marks, in the future against SourceOne or any of its customers or contractors;

h. For costs of suit and reasonable attorneys' fees pursuant to the "exceptional case" provision of 15 U.S.C. § 1117 and other applicable law;

i. For an order requiring KGK to produce to SourceOne a list of all those to whom letters or other communications containing statements about KGK's alleged patent or trademark rights and/or SourceOne's alleged infringement of those rights;

j. For damages in favor of SourceOne and against KGK sufficient to compensate SourceOne for the economic and non-economic damages sustained by SourceOne as a result of KGK's actions as alleged herein,

including but not limited to KGK's profits from sale and/or SourceOne's lost profits, along with treble damages; and

k.  For an award of punitive damages against KGK;

l.  For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

    Respectfully submitted,

    POLSINELLI SHALTON FLANIGAN SUELTHAUS PC


By: s/Keith J. Grady
    KEITH J. GRADY (N.D. IL #90785673)
    100 South Fourth Street, Suite 1100
    St. Louis, MO 63102
    Tel. No. (314) 552-6800
    Fax No. (314) 231-1776
    kgrady@polsinelli.com

    JOHN J. CURRY (IL #3121647)
    Two Prudential Plaza
    180 N. Stetson Avenue, Suite 4525
    Chicago, IL 60601
    Tel. No. (312) 819-1900
    Fax No. (312) 819-1910
    jcurry@polsinelli.com

    ATTORNEYS FOR PLAINTIFF
    SOURCEONE GLOBAL PARTNERS, LLC

403608