**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SOURCEONE GLOBAL PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Magistrate Judge Schenkier |
| v. | ) ) | Case No.: 08 CV 7403 |
| KGK SYNERGIZE, INC., | ) ) ) | |
| Defendant. | ) | |
| ---------------------------------------------------------x | | |
| KGK SYNERGIZE, INC., | ) ) | |
| Counterclaim-Plaintiff and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SOURCE ONE GLOBAL PARTNERS, LLC, d/b/a SOURCEONE GLOBAL PARTNERS, d/b/a SOURCE ONE GLOBAL PARTNERS, LLP, and f/k/a SOURCE ONE GLOBAL, LLC, | ) ) ) ) ) ) | |
| Counterclaim-Defendant | ) | |
| and | ) ) | |
| JESSE LOPEZ, | ) ) ) | |
| Third-Party Defendant. | ) | |
| ---------------------------------------------------------x | | |

**PLAINTIFF SOURCEONE GLOBAL PARTNERS, LLC'S BRIEF IN OPPOSITION TO DEFENDANT KGK SYNERGIZE, INC.'S MOTION TO DISMISS COUNTS V AND VI OF THE COMPLAINT**

As and for its Brief in Opposition to KGK Synergize, Inc.'s ("Third-Party Plaintiff" or "KGK") Motion to Dismiss Counts V and VI of the Complaint Pursuant to Rules 12(b)(1) and

12(b)(7) (the "Motion"), Plaintiff/Counterclaim-Defendant SourceOne Global Partners, LLC ("SourceOne") states as follows:

## BACKGROUND

SourceOne filed this lawsuit, seeking declaratory and other relief, in direct response to KGK's threats and accusations that SourceOne was infringing certain of KGK's intellectual property, specifically including U.S. Patent No. 6,987,125 (the "'125 Patent"). In correspondence to SourceOne as well as SourceOne's business partners, suppliers and customers, KGK asserted that it owned the '125 Patent and threatened suit over the purported infringement of the '125 Patent. *See* Exhibits 3 and 7 to the Complaint, filed on December 29, 2008, Doc. #1.

Specifically, in the letter KGK sent to SourceOne's business affiliates, KGK stated "[i]t has come to our attention that Source One Global Partners is currently launching a product containing flavonoids and tocotrienols under the trade name Cholesstrinol™. Please be advised, that as of January 1st, 2009, the sale of this product or any product containing polymethoxylated flavones and tocotrienols will be in violation of the above-mentioned patents [including the '125 patent]." *See* KGK letter to SourceOne business partners, suppliers and customers, a true and correct copy of which is attached as Exhibit 3 to the Complaint and also attached hereto as **Exhibit 1**, at 1. KGK's letter further asserted that "KGK will strictly pursue any patent infringements by whatever means are necessary." Id. at 1.

Likewise, in KGK's December 11, 2008 cease-and-desist letter to SourceOne (which was also copied to several of SourceOne's business affiliates, including Robinson Pharma Inc., Naturex, Inc. and Vesifact AG), KGK asserted that "SourceOne also has actual knowledge of United States Patent No[]. 6,987,125 . . . (the "125 patent" . . . ) which [is] owned by KGK. The

2

'125 Patent is directed, inter alia, to compositions containing specified polymethoxyflavones, some of which are found in SYTRINOL®." *See* KGK's December 11, 2008 letter to SourceOne, a true and correct copy of which is attached as Exhibit 7 to the Complaint and also attached hereto as **Exhibit 2**, at 1. KGK's cease-and-desist letter proceeded to "demand that SourceOne and its affiliates immediately crease and desist any and all of its infringing activities. This includes making, selling and offering for sale of the CHOLESSTRINOL products which infringe any of the '125, '400 and '114 patents. . . While KGK is generally desirous of avoiding litigation, it will vigorously enforce its rights where it believes those rights are being infringed and litigation cannot otherwise be avoided." Id. at 3.

Accordingly, in response to KGK's threats and allegations, SourceOne took a number of steps, including but not limited to filing the Complaint in this matter. Counts V and VI of the Complaint seek declarations of invalidity and non-infringement with respect to the '125 Patent. Id. On February 27, 2009, KGK responded to Counts V and VI by filing the pending Motion, seeking dismissal of those counts on the basis that the United States, as represented by the Secretary of Agriculture, is the co-owner of the '125 Patent and is immune from suit because of the doctrine of sovereign immunity. KGK further asserted that, as the co-owner of the '125 Patent, the United States is not only a "required party" to Counts V and VI pursuant to Rule 19(a) of the Federal Rules of Civil Procedure but also an "indispensable party" pursuant to Rule 19(b) such that Counts V and VI -- and, for that manner, any litigation regarding the infringement or (in)validity of the '125 Patent -- should not proceed in the absence of the United States.

SourceOne agrees with KGK that the United States is immune from suit and qualifies as a "required party" or "necessary party" to Counts V and VI of the Complaint pursuant to Rule

3

19(a). However, SourceOne disagrees that the United States is an "indispensable party" pursuant to the equitable considerations of Rule 19(b) such that SourceOne would be left without a remedy under the facts and circumstances at issue here. KGK accused SourceOne of infringing the '125 and indicated that it would "strictly pursue any patent infringements by whatever means are necessary." Ex. 2. Yet, when SourceOne sought a judicial declaration regarding the invalidity and non-infringement of the '125 Patent, KGK took the position that no litigation regarding the '125 Patent could occur in the absence of the United States. Under the circumstances, it would be manifestly unfair to deny SourceOne its appropriate legal remedies. Accordingly, SourceOne respectfully requests that KGK's Motion be denied, and that SourceOne be allowed to proceed on Counts V and VI of its Complaint.

## ARGUMENT

### THIS COURT SHOULD EXERCISE ITS DISCRETION UNDER RULE 19(B) to FIND THAT THE UNITED STATES IS NOT AN INDISPENSABLE PARTY TO COUNTS V AND VI OF THE COMPLAINT, AND DENY KGK's MOTION TO DISMISS

KGK is correct that the United States is immune from suit on Counts V and VI of the Complaint pursuant to the doctrine of sovereign immunity, which the United States has not waived here. KGK is also correct that, as the co-owner of the '125 Patent, the United States qualifies as a "required party" or "necessary party" pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. However, that is not the end of the analysis. As KGK admits, the next step in the inquiry is to determine whether the United States is an "indispensable party" under Rule 19(b) such that SourceOne's claims regarding the non-infringement and invalidity of the '125 Patent, Counts V and VI of the Complaint, cannot proceed in the absence of the United States. Here, reasoned application of the factors set forth in Rule 19(b) demonstrates that the United States is not an indispensable party, and Counts V and VI should proceed apace.

4

Rule 19(b) provides that:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The determination of indispensability under Rule 19(b) is in the sound discretion of the trial judge. Walsh v. Centeio, 692 F.2d 1239, 1243 (9th Cir. 1982); *accord*, Extra Equipamentos E Exportacao Ltda. v. Case Corp., 361 F.3d 359, 362 (7th Cir. 2004) (forum non conveniens motion and motion to dismiss for failure to join an indispensable party are both addressed to the district judge's discretion). The factors set forth in Rule 19(b) "are not to be applied in any mechanical way. It is important that they be determined in a practical and pragmatic but equitable manner." Francis Oil & Gas, Inc. v. Exxon Corp., 661 F.2d 873, 878 (10th Cir. 1981) (citations omitted); *accord*, Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc., 565 F.2d 450, 452 (7th Cir. 1977) ("Generally, Rule 19 entails a pragmatic approach, focusing on realistic analysis of the facts of each case") (citing Provident Bank v. Patterson, 390 U.S. 102, 88 S. Ct. 733 (1968)); *see also* Rule 19(b), Advisory Committee Notes to 1966 Amendments ("That [the determination of indispensability] is to be made in the light of pragmatic considerations has often been acknowledged by the courts") (citations omitted). Furthermore, the four factors set forth in Rule 19(b) "are not intended to exclude other considerations which may be applicable in particular situations." Rule 19(b), Advisory Committee Notes to 1966 Amendments.

Here, the overwhelming equitable and pragmatic considerations militate strongly against depriving SourceOne of the ability to respond to KGK's threats and accusations regarding purported infringement of the '125 Patent by way of its claims of non-infringement and

5

invalidity in this Court. It would be the height of unfairness if KGK could continue to assert to the public that SourceOne infringes the '125 Patent and threaten SourceOne and its customers, suppliers and business partners on that basis while prohibiting SourceOne from appropriately seeking a remedy that disproves such allegations in a court of law. The very purpose of the Declaratory Judgment Act would be vitiated in this case if KGK's Motion is granted. *See* Oce-Office Systems, Inc. v. Eastman Kodak Co., 805 F. Supp. 642, 646 (N.D. Ill. 1992) ("Resolving the uncertainty and anxiety resulting from a looming lawsuit is, indeed, the purpose of the Declaratory Judgment Act") (citing Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 889 (Fed. Cir. 1992)).

While there are numerous cases that have found patent owners to be indispensable parties in suits concerning patent infringement and validity, there are also a number of patent cases in which courts have held that patent owners were not indispensable parties under Rule 19(b) based on the facts and circumstances at issue. For example, in Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc., 142 F.3d 1266, 1272 (Fed. Cir. 1998) (holding that district court abused its discretion in finding patent owner to be an indispensable party in declaratory judgment suit),[1] the Federal Circuit observed that:

> [E]ven if CFMT is a necessary party under Rule 19(a) because it would be prejudiced by a holding of invalidity of its patent, this prejudice does not automatically make CFMT indispensable. Instead, as Rule 19(b) prescribes, all of the factors recited by that rule must be assessed and weighed by a court to "determine whether in equity and good conscience the action should proceed among the parties before it."

---

[1] *See also* Capri Jewelry Inc. v. Hattie Carnegie Jewelry Enterprises, Ltd., 539 F.2d 846, 852-853 (2nd Cir. 1976) (affirming judgment despite appellants' arguments that "the court should not have rendered a judgment of non-infringement in an action in which the patentee was not made a party, and the [p]atent was represented only by a non-exclusive licensee;" confirming that Rule 19(b) is not jurisdictional and holding that district court "properly exercised its discretion" under Fed. R. Civ. P. 19(b) in allowing case to proceed in absence of patent holder).

In Dainippon, the Federal Circuit applied the Rule 19(b) factors in a manner that it is instructive here. With respect to the first factor -- "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties," the Federal Circuit held "that prejudice to an absent party is mitigated when the interests of that party are adequately protected by those who are present," and "if [the absent party's interests are protected by those who are present], the "person is not indispensable." Id. at 1272 (citation omitted). In Dainippon, the Federal Circuit found that the interests of the absent patent owner, CMFT, were adequately protected by another party to the suit, CFM, which owned CFMT in its entirety "and that has manifested its obvious concern over the maintenance of CFMT's patents." Id. The Federal Circuit further noted that "CFMT and CFM share the common goal of assuring that the '761 patent not be held invalid or be infringed by Dainippon and have jointly sought legal assistance in furtherance of that goal." Id.

Here, as in Dainippon, the interests of the absent party, the United States, are adequately represented by a party already in the lawsuit, KGK. While the relationship between the parties in Dainippon -- patent owner and its exclusive licensee and parent company -- is different than the patent co-owner relationship between the United States and KGK, KGK is nonetheless well equipped to represent the United States' interests with respect to the '125 Patent. KGK has already demonstrated that it will aggressively pursue enforcement of the '125 Patent. See Exhibits 1-2 hereto; *see also* KGK's Counterclaims, Doc. # 28. Thus, KGK "has manifested its obvious concern over the maintenance of" the '125 Patent and "shares the common goal" with the United States of "assuring that the '125 patent not be held invalid or be infringed." *See* Dainippon, 142 F.3d at 1272.

7

The second factor under Rule 19(b) also strongly supports denial of KGK's Motion. As the Federal Circuit held in Dainippon, "[t]he second factor, the court's ability to shape relief to avoid prejudice, is of little relevance in the context of a patent declaratory judgment suit because the relief sought in such a suit does not depend upon the patentee's presence in court." Id. at 1272-73.

Further:

> The third factor, adequacy of the judgment, favors maintenance of the suit in [the United States'] absence because a declaration of invalidity or noninfringement would fully serve [SourceOne's] interest in ensuring that it is free from claims of patent infringement irrespective of [the United States'] absence. In this regard, it is relevant that a declaratory judgment suit is not one in which 'the plaintiff seeks relief that will require an affirmative act by the absentee,' therefore making the case 'essentially hollow' if it were to proceed in [the United States'] absence."

See id. (citing 2 James Wm. Moore, Moore's Federal Practice § 19.05[4] (3d ed. 1997)).

Finally, the fourth factor -- "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder" weighs very strongly in favor of denying of KGK's Motion. If SourceOne's claims regarding the invalidity and non-infringement of the '125 Patent are dismissed, then SourceOne will be completely deprived of any remedy. This is not a situation where "there exists another forum in which all parties could be joined in the suit." See Dainippon, 142 F.3d at 1273. Instead, SourceOne has no forum in which to bring its claims if KGK's Motion succeeds. In short, if Counts V and VI are dismissed, then SourceOne is faced with a scenario whereby KGK can continue to use threats and accusations that SourceOne infringes the '125 Patent to harass and intimidate SourceOne and its current and potential business partners, suppliers and customers while using the United States' co-ownership as a shield from any attempt by SourceOne to disprove KGK's accusations. See A. L. Smith Iron Co. v. Dickson, 141 F.2d 3, 6-7 (2nd Cir. 1944)) (stating that "it would be obviously unfair to

leave [the plaintiff's] business exposed to continuous indirect attack;" holding that licensee was not entitled to dismissal of action for a declaration of invalidity based on absence of patent owner) (Learned Hand, J.). The rank unfairness that would occur if SourceOne is not permitted to proceed with Counts V and VI is the overarching consideration that should guide this Court's analysis of the "pragmatic" and "equitable" factors of Rule 19(b), and it demonstrates that the Court should exercise its considerable discretion and deny KGK's Motion.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, SourceOne respectfully requests that this Court deny KGK's Motion to Dismiss Counts V and VI of the Complaint Pursuant to Rules 12(b)(1) and 12(b)(7) and for such other and further relief as the Court deems just and proper.

## **LIST OF EXHIBITS**

**Exhibit 1:** KGK Letter to SourceOne customers, suppliers, business partners

**Exhibit 2:** KGK December 11, 2008 letter to SourceOne

Respectfully submitted,

POLSINELLI SHUGHART PC


By: s/Keith J. Grady
    KEITH J. GRADY  (N.D. IL #90785673)
    GRAHAM L.W. DAY (N.D. IL #10719)
    100 South Fourth Street, Suite 1100
    St. Louis, MO 63102
    Tel. No. (314) 552-6800
    Fax No. (314) 231-1776
    kgrady@polsinelli.com
    gday@polsinelli.com

    JOHN J. CURRY (IL #3121647)
    Two Prudential Plaza
    180 N. Stetson Avenue, Suite 4525
    Chicago, IL  60601
    Tel. No. (312) 819-1900
    Fax No. (312) 819-1910
    jcurry@polsinelli.com

ATTORNEYS FOR THIRD PARTY
DEFENDANT JESSE LOPEZ AND
PLAINTIFF/COUNTERCLAIM DEFENDANT
SOURCEONE GLOBAL PARTNERS, LLC

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 26, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent Notice of Electronic Filing to the following:

Annette M. McGarry, Esq.
Marianne C. Holzhall, Esq.
Mcgarry & Mcgarry, LLC
120 North Lasalle, #1100
Chicago, IL  60602

Marvin S. Gittes, Esq.
Kevin N. Ainsworth, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017

ATTORNEYS FOR DEFENDANT/COUNTERCLAIM-
PLAINTIFF/THIRD-PARTY PLAINTIFF
KGK SYNERGIZE, INC.

               s/Keith J. Grady

051199 / 131327
WJGUS  412403.1