## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SOURCEONE GLOBAL PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Schenkier |
| KGK SYNERGIZE, INC., | ) ) | Case No. 08 CV 7403 |
| Defendant. | ) ) ) | Jury Trial Demanded |

------------------------------------------------------x

KGK SYNERGIZE, INC., )
                                  )

        Counterclaim-Plaintiff )
        and Third-Party Plaintiff, )

v. )
                                    )

SOURCE ONE GLOBAL )
PARTNERS, LLC, d/b/a SOURCEONE )
GLOBAL PARTNERS, d/b/a SOURCE )
ONE GLOBAL PARTNERS, LLP, and )
f/k/a SOURCE ONE GLOBAL, LLC, )
                                    )

        Counterclaim-Defendant )
and )
                                    )

JESSE LOPEZ, )
                                    )

        Third-Party Defendant. )

------------------------------------------------------x

### FIRST AMENDED ANSWER AND COUNTERCLAIMS OF KGK

Pursuant to Court's Order, entered May 13, 2009, Defendant KGK Synergize, Inc.

("KGK"), by and through its undersigned counsel, hereby submits this First Amended Answer

and Counterclaims, answering the Complaint filed by Plaintiff SourceOne Global Partners, LLC

("Plaintiff"), and asserting counterclaims as follows:

ANSWER

THE PARTIES

1.      Plaintiff SourceOne Partners, LLC ("Plaintiff" or "SourceOne") is an Illinois limited liability company having a principal place of business at 445 E. Illinois, Suite 345, Chicago, Illinois 60611.

Answer:      KGK denies the allegations in paragraph 1. Moreover, KGK notes that

although the Complaint was filed by "SourceOne Global Partners, LLC," paragraph 1 of the

Complaint defines "Plaintiff" and "Source One" as "SourceOne Partners, LLC." KGK assumes

this is a typographical error in the complaint, and that the plaintiff is Source One Global Partners,

LLC, but KGK reserves its rights in the event it is not, to amend its answers or join additional

parties. The term "Plaintiff" as used in this Answer refers to Source One Global Partners, LLC.

2.      Defendant KGK Synergize, Inc. ("Defendant" or "KGK") is a Canadian corporation having a principal place of business at Suite 1440, One London Place, 255 Queens Avenue, London, Ontario, Canada N6A 5R8.

Answer:      KGK admits the allegations of paragraph 2.

JURISDICTION AND VENUE

3.      The claims asserted by SourceOne are for (1) declaratory relief under the patent and trademark laws of the United States of America; (2) tortious interference with contractual rights and prospective economic advantage; (3) injurious falsehood, product disparagement, and defamation per se; and (4) unfair competition under both the common law and the Lanham Act.

Answer:      KGK admits that the Complaint purports to state claims for (1) declaratory

relief under the patent and trademark laws of the United States of America; (2) tortious

interference with contractual rights and prospective economic advantage; (3) injurious falsehood,

product disparagement, and defamation per se; and (4) unfair competition under both the

common law and the Lanham Act, but denies that Plaintiff has any basis for such claims.

4.      This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d). Personal jurisdiction exists over KGK in this District by virtue of 735 ILCS § 5/2-209 because it has transacted business within the State of Illinois,

committed tortious acts within the State of Illinois, and made and performed contracts substantially connected with the State of Illinois.

Answer: Paragraph 4 consists of conclusions of law to which no response is required. KGK nevertheless denies that this Court has subject matter jurisdiction to hear Plaintiff's claims concerning U.S. Patent No. 6,987,125 ("the '125 Patent"). KGK otherwise admits that Plaintiff purports to invoke the venue provisions of 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d). KGK admits that Plaintiff purports to base personal jurisdiction over KGK in this District by virtue of 735 ILCS § 5/2-209. As to all other factual allegations in paragraph 4, KGK denies them.

## BACKGROUND FACTS

5. SourceOne and KGK entered into a License Agreement, dated June 20, 2003 (the "License Agreement"), pursuant to which KGK licensed certain intellectual property to SourceOne, as more fully set forth therein. The License Agreement was amended on or about January 24, 2007. A true and correct copy of the License Agreement, as amended, is attached as Exhibit 1 hereto.

Answer: KGK denies the allegations in paragraph 5, but admits that it entered into a License Agreement dated June 30, 2003 with Source One Global, LLC, which they amended on or about January 24, 2007, (the "License Agreement") pursuant to which KGK licensed certain intellectual property to Source One Global, LLC. KGK further admits that Exhibit 1 to the Complaint appears to be a true and correct copy of the License Agreement.

6. Pursuant to the License Agreement, SourceOne has been the exclusive licensee to sell a product called Sytrinol® during the term of the License Agreement as a nutritional supplement for promoting heart health.

Answer: KGK denies the allegations of paragraph 6 and refers the Court to the License Agreement.

7.     In late 2007, SourceOne first announced that it had developed a new, different, and superior nutritional supplement called Cholesstrinol™ for promoting heart health.

Answer:     KGK admits that Plaintiff makes, uses, offers for sale, and sells a family

of products under the name Cholesstrinol. KGK is without sufficient information or knowledge

to form a belief as to the truth of the remaining allegations in paragraph 7 and, therefore, denies

them.

8.     During the term of the License Agreement, certain disputes arose between SourceOne and KGK. As a result, an arbitration proceeding was commenced in Ontario, Canada by KGK. Those proceedings were ultimately settled pursuant to Minutes of Settlement, dated December 18, 2007 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 2.

Answer:     KGK admits that certain disputes arose during the term of the License

Agreement and KGK commenced an arbitration proceeding in Ontario, Canada, against Source

One Global, LLC, a.k.a. Source One Global Partners, LLP, and Jesse Lopez (the "Arbitration

Proceeding").  KGK further admits that those parties settled the Arbitration Proceeding pursuant

to signed Minutes of Settlement, dated December 18, 2007 (the "Settlement Agreement").  KGK

further admits that Exhibit 2 to the Complaint appears to be a true and correct copy of that

Settlement Agreement.  KGK denies all remaining allegations in paragraph 8.

9.     Among other things, the Settlement Agreement provided that the License Agreement would terminate on December 31, 2008, and that SourceOne would continue to be the exclusive licensee of Sytrinol® through December 31, 2008, all as more fully set forth therein.

Answer:     KGK denies the allegations in paragraph 9 and refers the Court to the

Settlement Agreement.

10.     Beginning in late 2008, KGK began sending threatening letters to certain current and potential customers, suppliers and business associates of SourceOne, stating that it was the owner of U.S. Patent No. 6,239,114 (the "'114 Patent"), U.S. Patent No. 6,251,400 (the "'400 Patent") and U.S. Patent No. 6,987,125 (the "'125 Patent"), that it considered the sale of Cholesstrinol™ to be an infringement of the above-referenced patents as of January 1, 2009, and that it would "strictly pursue any patent infringements by whatever means are necessary." A true and correct copy of one of KGK's letters to SourceOne's customers, suppliers, and business

associates is attached hereto as Exhibit 3. A true and correct copy of the '114 Patent is attached hereto as Exhibit 4; a true and correct copy of the '400 Patent is attached hereto as Exhibit 5; and a true and correct copy of the '125 Patent is attached hereto as Exhibit 6.

   Answer:      KGK denies the allegations of paragraph 10, except admits that (a)

Exhibits 4, 5, and 6 to the Complaint appear to be true and correct copies of U.S. Patent Nos.

6,239,114 ("the '114 Patent"), 6,251,400 ("the '400 Patent"), and the '125 Patent, (b) KGK

considers the sale of Cholesstrinol as of January 1, 2009, to be an infringement of those patents,

and (c) Exhibit 3 to the Complaint appears to be a true and correct copy of a letter sent by KGK.

   11.      As a direct and proximate result of KGK's letters and the threats made therein, certain customers of SourceOne have indicated that they will not sell Cholesstrinol™ or supply SourceOne with the ingredients necessary to make Cholesstrinol™.

   Answer:      KGK is without sufficient information or knowledge to form a belief as to

the truth of the allegations in paragraph 11 and, therefore, denies them.

   12.      On or about December 11, 2008, KGK, through its attorneys, sent a cease-and-desist letter to SourceOne, again alleging, among other things, that it considered the making, selling, and offering for sale of Cholesstrinol™ to be an infringement of the '114 Patent, the '400 Patent, and the '125 Patent as of January 1, 2009. The letter demanded that "SourceOne and its affiliates immediately cease and desist any and all of its infringing activities." The letter further stated that KGK would pursue legal action against SourceOne if sales of Cholesstrinol™ occurred after the December 31, 2008 termination of the License Agreement. KGK also alleged for the first time that it considered SourceOne's use of the mark Cholesstrinol™ to be an infringement of its federally registered trademark for Sytrinol® and its purported common law trademark for Sytrinol™ (collectively, "the Sytrinol Marks") and threatened legal action on those grounds. The letter demanded a response by December 29, 2008. A true and correct copy of KGK's cease-and-desist letter to SourceOne is attached hereto as Exhibit 7.

   Answer:      KGK admits that on or about December 11, 2008, KGK, through its

attorneys, sent a cease-and-desist letter ("C&D Letter"), and that Exhibit 7 to the Complaint

appears to be a true and correct copy of that letter. KGK denies all remaining allegations of

paragraph 12 that are inconsistent with the C&D Letter and not specifically admitted herein.

   13.      SourceOne is currently making, using, offering for sale, and selling Cholesstrinol™, and intends to continue to make, use, offer for sale, and sell Cholesstrinol™ as of January 1, 2009. SourceOne has expended substantial resources in developing and marketing the Cholesstrinol™ family of products. KGK's threats to pursue claims of patent and trademark

infringement litigation against SourceOne, and its threats to SourceOne's customers, potential customers, and suppliers have created a substantial controversy between the parties. The parties clearly have adverse legal interests and the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

> Answer:    KGK admits that both before and after January 1, 2009, Plaintiff has made, used, offered for sale, and sold, and continues to make, use, offer for sale and sell a family of products under the name Cholesstrinol. KGK denies all other allegations in paragraph 13.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT – '114 PATENT

14.    SourceOne incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

> Answer:    KGK hereby incorporates by reference its responses to paragraphs 1-13 of the Complaint as if stated fully herein.

15.    This is a claim for a declaratory judgment that the '114 Patent is not infringed by SourceOne, either directly or as an inducing or contributory infringer.

> Answer:    KGK admits that Count I purports to set forth a claim for declaratory judgment, but denies the factual allegations in Paragraph 15 and denies that Plaintiff has any basis for such claim.

16.    SourceOne promotes, markets, offers for sale, and sells nutritional supplements for promoting heart health under the name Cholesstrinol™.

> Answer:    KGK admits that Plaintiff promotes, markets, offers for sale, and sells nutritional supplements for allegedly promoting heart health under the name Cholesstrinol. KGK denies all other allegations in paragraph 16.

17.    KGK has alleged that SourceOne's Cholesstrinol™ products infringe one or more claims of the '114 Patent that it owns.

> Answer:    KGK admits alleging that making, using, selling or offering for sale of Cholesstrinol products after December 31, 2008, would infringe one or more claims of KGK's '114 Patent.  KGK denies all other allegations in paragraph 17.

18.     The Cholesstrinol™ products do not infringe any valid or enforceable claim of the '114 Patent.

Answer:        KGK denies the allegations of paragraph 18.


19.     SourceOne has not directly infringed, induced the infringement of, nor has it been a contributory infringer, of any of the claims of the '114 Patent.

Answer:        KGK denies the allegations of paragraph 19.


20.     There is a justiciable controversy between the parties regarding the non-infringement of the '114 Patent by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

Answer:        Paragraph 20 consists of conclusions of law to which no response is

required. To the extent facts are alleged, KGK denies them. KGK admits that there is a

justiciable controversy between the parties with respect to the infringement of the '114 Patent.


<u>COUNT II</u>
<u>DECLARATORY JUDGMENT OF INVALIDITY OF '114 PATENT</u>

21.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:        KGK hereby incorporates by reference its responses to paragraphs 1-20 of

the Complaint as if stated fully herein.


22.     This is a claim for declaratory judgment of invalidity of the '114 Patent.

Answer:        KGK admits that Count II of the Complaint purports to set forth a claim

for declaratory judgment, but denies the factual allegations in Paragraph 22 and denies that

Plaintiff has any basis for such claim.


23.     Each of the claims of the '114 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

Answer:        KGK denies the allegations of paragraph 23.


24.     The claims of the '114 Patent are also invalid for lack of enablement, insufficient written description, indefiniteness, and/or failure to disclose the best mode of the invention under

35 U.S.C. § 112 in that the claims of the '114 patent are vague and indefinite and incorporate methods and limitations that are neither disclosed, described in, explained by, nor enabled by the specification of the '114 patent. There is a justiciable controversy between the parties regarding the invalidity of the '114 Patent, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

Answer:     Paragraph 24 consists of conclusions of law to which no response is

required. To the extent facts are alleged, KGK denies them. KGK admits that there is a

justiciable controversy between the parties with respect to the infringement of the '114 Patent.

## COUNT III
## DECLARATORY JUDGMENT OF NONINFRINGEMENT – '400 PATENT

25.     SourceOne incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:     KGK hereby incorporates by reference its responses to paragraphs 1-24 of

the Complaint as if stated fully herein.

26.     This is a claim for a declaratory judgment that the '400 Patent is not infringed by SourceOne, either directly or as an inducing or contributory infringer.

Answer:     KGK admits that Count III of the Complaint purports to set forth a claim

for declaratory judgment, but denies the factual allegations in Paragraph 26 and denies that

Plaintiff has any basis for such claim.

27.     SourceOne promotes, markets, offers for sale, and sells nutritional supplements for promoting heart health under the name Cholesstrinol™.

Answer:     KGK admits that Plaintiff promotes, markets, offers for sale and sells

nutritional supplements for allegedly promoting heart health under the name Cholesstrinol.

KGK denies all other allegations in paragraph 27.

28.     KGK has alleged that SourceOne's Cholesstrinol™ products infringe one or more claims of the '400 Patent that it owns.

Answer:     KGK admits the allegation in paragraph 28 that it has alleged that making,

using, selling or offering for sale of Cholesstrinol products after December 31, 2008 would

infringe one or more claims of KGK's '400 Patent.  KGK denies all other allegations in

paragraph 28.

29.     The Cholesstrinol™ products do not infringe any valid or enforceable claim of the '400 Patent.

Answer:     KGK denies the allegations of paragraph 29.

30.     SourceOne has not directly infringed, induced the infringement of, nor has it been a contributory infringer, of any of the claims of the '400 Patent.

Answer:     KGK denies the allegations of paragraph 30.

31.     There is a justiciable controversy between the parties regarding the non-infringement of the '400 Patent by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

Answer:     Paragraph 31 consists of conclusions of law to which no response is

required. To the extent facts are alleged, KGK denies them. KGK admits that there is a

justiciable controversy between the parties with respect to the infringement of the '400 Patent.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF '400 PATENT

32.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:     KGK hereby incorporates by reference its responses to paragraphs 1-31 of

the Complaint as if stated fully herein.

33.     This is a claim for a declaratory judgment of invalidity of the '400 Patent.

Answer:     KGK admits that Count IV of the Complaint purports to set forth a claim

for declaratory judgment, but denies the factual allegations in Paragraph 33 and denies that

Plaintiff has any basis for such claim.

34.     Each of the claims of the '400 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

Answer:     KGK denies the allegations of paragraph 34.

35.     The claims of the '400 Patent are also invalid for lack of enablement, insufficient written description, indefiniteness, and/or failure to disclose the best mode of the invention under 35 U.S.C. § 112 in that the claims of the '400 patent are vague and indefinite and incorporate methods and limitations that are neither disclosed, described in, explained by, nor enabled by the specification of the '400 patent.

Answer:     KGK denies the allegations of paragraph 35.

36.     There is a justiciable controversy between the parties regarding the invalidity of the '400 Patent, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

Answer:     Paragraph 36 consists of conclusions of law to which no response is

required. To the extent facts are alleged, KGK denies them. KGK admits that there is a

justiciable controversy between the parties with respect to the infringement of the '400 Patent.

<u>COUNT V</u>
<u>DECLARATORY JUDGMENT OF NONINFRINGEMENT – '125 PATENT</u>

37.     SourceOne incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:     KGK hereby incorporates by reference its responses to paragraphs 1-36 of

the Complaint as if stated fully herein.

38.     This is a claim for a declaratory judgment that the '125 Patent is not infringed by SourceOne, either directly or as an inducing or contributory infringer.

Answer:     KGK admits that Count V of the Complaint purports to set forth a claim

for declaratory judgment, but denies the factual allegations in Paragraph 38 and denies that

Plaintiff has any basis for such claim.

39.     SourceOne promotes, markets, offers for sale, and sells nutritional supplements for promoting heart health under the name Cholesstrinol™.

Answer:     KGK admits the allegation in paragraph 39 that Plaintiff promotes, markets, offers for sale and sells nutritional supplements for allegedly promoting heart health under the name Cholesstrinol.  KGK denies all other allegations in paragraph 39.

40.     KGK has alleged that SourceOne's Cholesstrinol™ products infringe one or more claims of the '125 Patent that it owns.

Answer:     KGK admits the allegation in paragraph 40 that it has alleged that making, using, selling or offering for sale of Cholesstrinol products after December 31, 2008 would infringe one or more claims of the '125 Patent.  KGK further admits that it owns a one-half undivided interest in the '125 patent, and that, upon information and belief, the United States of America, as represented by the Secretary of Agriculture, also owns a one-half undivided interest in the '125 patent.  KGK denies all other allegations in paragraph 40.

41.     The Cholesstrinol™ products do not infringe any valid or enforceable claim of the '125 Patent.

Answer:     KGK denies the allegations of paragraph 41.

42.     SourceOne has not directly infringed, induced the infringement of, nor has it been a contributory infringer, of any of the claims of the '125 Patent.

Answer:     KGK denies the allegations of paragraph 42.

43.     There is a justiciable controversy between the parties regarding the non-infringement of the '125 Patent by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

Answer:     Paragraph 43 consists of conclusions of law to which no response is required. To the extent facts are alleged, KGK denies them.

<u>COUNT VI</u>
<u>DECLARATORY JUDGMENT OF INVALIDITY OF '125 PATENT</u>

44.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:        KGK hereby incorporates by reference its responses to paragraphs 1-43 of

the Complaint as if stated fully herein.

45.     This is a claim for declaratory judgment of invalidity of the '125 Patent.

Answer:        KGK admits that Count VI of the Complaint purports to set forth a claim

for declaratory judgment, but denies the factual allegations in Paragraph 45 and denies that

Plaintiff has any basis for such claim.

46.     Each of the claims of the '125 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.

Answer:        KGK denies the allegations of paragraph 46.

47.     The claims of the '125 Patent are also invalid for lack of enablement, insufficient written description, indefiniteness, and/or failure to disclose the best mode of the invention under 35 U.S.C. § 112 in that the claims of the '125 patent are vague and indefinite and incorporate methods and limitations that are neither disclosed, described in, explained by, nor enabled by the specification of the '125 patent.

Answer:        KGK denies the allegations of paragraph 47.

48.     There is a justiciable controversy between the parties regarding the invalidity of the '125 Patent, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

Answer:        Paragraph 48 consists of conclusions of law to which no response is

required. To the extent facts are alleged, KGK denies them.

COUNT VII
DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE SYTRINOL
MARKS

49.     SourceOne hereby incorporates by reference the preceding paragraphs of this
Complaint as if set forth in full herein.

Answer:     KGK hereby incorporates by reference its responses to paragraphs 1-48 of

the Complaint as if stated fully herein.

50.     This is a claim for a declaratory judgment that the Sytrinol Marks are not
infringed by SourceOne in any way through its actions in connection with the License
Agreement or through the adoption and use of the Cholesstrinol™ mark.

Answer:     KGK admits that Claim VII of the Complaint purports to set forth a claim

for declaratory judgment, but denies the factual allegations in Paragraph 50 and denies that

Plaintiff has any basis for such claim.

51.     SourceOne promotes, markets, offers for sale, and sells nutritional supplements
for promoting heart health under the name Cholesstrinol™.

Answer:     KGK admits that Plaintiff promotes, markets, offers for sale and sells

nutritional supplements for allegedly promoting heart health under the name Cholesstrinol.

KGK denies all other allegations in paragraph 51.

52.     KGK has alleged that SourceOne's Cholesstrinol™ mark infringes the Sytrinol
Marks.

Answer:     KGK admits the allegation that it has alleged that the Cholesstrinol mark

infringes the Sytrinol Marks.  KGK denies all other allegations in paragraph 52.

53.     The adoption and use of the Cholesstrinol™ mark does not infringe the Sytrinol
Marks. There is no likelihood of confusion between the Cholesstrinol™ mark and the Sytrinol
Marks. There are substantial differences between the sight, sound and commercial impression of
the Cholesstrinol™ mark and the Sytrinol Marks. The dominant portion of the Cholesstrinol™
mark (i.e., the prefixes "CHOL" and "LESS" is completely distinct from anything found in the
Sytrinol Marks. Further, the extension "TRINOL" is common in many different fields (including
both the pharmaceutical field and the nutritional supplement field) and there are a number of
registered marks that incorporate this extension. On information and belief, there is no evidence

of actual confusion between the Cholesstrinol™ mark and the Sytrinol Marks. There is no evidence of bad faith by SourceOne in the adoption and use of the Cholesstrinol™ mark.

Answer:          KGK denies the allegations of paragraph 53.

54.     The Sytrinol Marks are weak or descriptive marks, and there is no secondary meaning associated with the Sytrinol Marks.

Answer:          KGK denies the allegations of paragraph 54.

55.     There is a justiciable controversy between the parties regarding the non-infringement of the Sytrinol Marks by SourceOne, and SourceOne is entitled to a declaratory judgment that will finally resolve this issue.

Answer:          Paragraph 55 consists of conclusions of law to which no response is

required. To the extent facts are alleged, KGK denies them.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RIGHTS

56.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:          KGK hereby incorporates by reference its responses to paragraphs 1-55 of

the Complaint as if stated fully herein.

57.     SourceOne has valid and enforceable agreements with customers to purchase Cholesstrinol™ and with suppliers to supply it with the ingredients necessary to make Cholesstrinol™.

Answer:          KGK is without sufficient knowledge or information to form a belief as to

the truth of the allegations of paragraph 57 and therefore denies them.

58.     At all times relevant, KGK was aware of these agreements and contractual relationships.

Answer:          KGK denies the allegations of paragraph 58.

59.     Beginning in late 2008, KGK began sending threatening letters to customers and suppliers of SourceOne, stating that it was the owner of the '114 Patent, the '400 Patent, and the '125 Patent, falsely stating that the sale of Cholesstrinol™ would infringe the above-referenced

patents as of January 1, 2009, and further stating that KGK would "strictly pursue any patent infringements by whatever means are necessary." See Exhibit 3.

Answer:     KGK denies the allegations in paragraph 59, except admits that Exhibit 3

to the Complaint appears to be a true and correct copy of a letter sent by KGK.

60.     In making the false and misleading representations relating to the allegedly infringing nature of SourceOne's products and the validity and enforceability of KGK's patent rights, KGK intentionally and unjustifiably interfered with SourceOne's contractual relationships with customers and suppliers, and induced breaches of contract by those customers. KGK had no reasonable basis in law or fact for its false statements.

Answer:     KGK denies the allegations of paragraph 60.

61.     KGK interfered with these contractual relationships in an attempt to gain a competitive advantage and with the malicious intent to cause harm to SourceOne.

Answer:     KGK denies the allegations of paragraph 61.

62.     As a direct and proximate result of KGK's willful and intentional interference with these contractual relationships, customers have breached their contracts with SourceOne to purchase and sell Cholesstrinol™.

Answer:     KGK denies the allegations of paragraph 62.

63.     As a direct and proximate result of KGK's willful and intentional interference with these relationships, SourceOne has suffered, and continues to suffer damages, including lost profits derived from its relationships with customers and prospective customers and other intangible economic injuries for which it is entitled to compensation and equitable relief.

Answer:     KGK denies the allegations of paragraph 63.

64.     KGK acted willfully and maliciously in interfering with SourceOne's contractual relationships as set forth herein.

Answer:     KGK denies the allegations of paragraph 64.

<u>COUNT IX</u>
<u>TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>

65.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:     KGK hereby incorporates by reference its responses to paragraphs 1-64 of

the Complaint as if stated fully herein.

15

66.     Because of its quality service and products, SourceOne has developed business relationships with several customers and suppliers, through which it has derived or has the potential to derive substantial economic benefit. SourceOne had a reasonable expectation of entering into valid business relationships with these customers for the sale and purchase of Cholesstrinol™, and of entering into valid business relationships with these suppliers for the supply of the ingredients necessary to make Cholesstrinol™.

         Answer:     KGK is without sufficient knowledge or information to form a belief as to

the truth of the allegations of paragraph 66 and therefore denies them.

67.     KGK was aware of these relationships and has interfered, and is continuing to interfere, with them with the malicious and purposeful intent to injure SourceOne and defeat SourceOne's reasonable business expectancy through the use of wrongful means, including fraudulent and misleading representations pertaining to the patented nature of its products and the allegedly infringing nature of SourceOne's products directed towards SourceOne's current and potential customers and suppliers. KGK has no reasonable basis in law or fact for these false statements.

         Answer:     KGK denies the allegations of paragraph 67.

68.     Such interference has resulted in and continues to result in irreparable injury to SourceOne's goodwill and reputation in addition to proximately causing harm in the form of lost profits for which SourceOne is entitled to compensation and injunctive relief.

         Answer:     KGK denies the allegations of paragraph 68.

69.     As a direct and proximate result of KGK's willful and intentional interference with these relationships, current and potential customers have been intimidated into not purchasing Cholesstrinol™.

         Answer:     KGK denies the allegations of paragraph 69.

70.     As a direct and proximate result of KGK's willful and intentional interference with these relationships, SourceOne has suffered, and continues to suffer damages, including lost profits derived from its relationships with customers and prospective customers and other intangible economic injuries for which it is entitled to compensation and equitable relief.

         Answer:     KGK denies the allegations of paragraph 70.

71.     KGK acted willfully and maliciously in interfering with SourceOne's contractual relationships as set forth herein.

         Answer:     KGK denies the allegations of paragraph 71.

<u>COUNT X</u>
<u>INJURIOUS FALSEHOOD AND PRODUCT DISPARAGEMENT</u>

72.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:     KGK hereby incorporates by reference its responses to paragraphs 1-71 of

the Complaint as if set forth in full herein.


73.     Written and verbal representations impliedly or expressly stating that SourceOne's Cholesstrinol™ nutritional supplement infringes KGK's valid and enforceable patent rights were made to SourceOne's customers, potential customers, and suppliers despite KGK's knowledge that these statements were false.

Answer:     KGK denies the allegations of paragraph 73.


74.     The false and derogatory statements made by KGK about the business dealings and products of SourceOne were made maliciously and without justifiable excuse, as part of a calculated effort expressly intended to prevent others from supplying, or dealing with, or purchasing products from SourceOne.

Answer:     KGK denies the allegations of paragraph 74.


75.     Such statements played, and continue to play, a material and substantial part in inducing customers, potential customers, and suppliers not to deal with SourceOne.

Answer:     KGK denies the allegations of paragraph 75.


76.     In addition, as the direct and proximate result of KGK's false statements, SourceOne has been damaged as it has been forced to expend, and continues to expend, significant employee hours and other resources as well as legal fees and costs in an effort to combat the effects of KGK's false statements. The costs sustained by SourceOne as the result of KGK's false misrepresentations are continuing to accrue.

Answer:     KGK denies the allegations of paragraph 76.


77.     KGK has acted willfully and maliciously in making the false statements referenced herein.

Answer:     KGK denies the allegations of paragraph 77.

## COUNT XI
## DEFAMATION PER SE

78.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:       KGK hereby incorporates by reference its responses to paragraphs 1-77 of

the Complaint as if stated fully herein.

79.     In its written and verbal communications with various customers, potential customers, and suppliers of SourceOne, KGK states that SourceOne infringes valid and enforceable patent rights owned by KGK.

Answer:       KGK denies the allegations of paragraph 79.

80.     These purported factual statements were false at the time they were made and continue to be false. Said statements were transmitted by KGK to third parties either verbally or in writing with the malicious intent to injure SourceOne's business, without justification or excuse, without any reasonable basis in law or fact, and with knowledge of their falsity.

Answer:       KGK denies the allegations of paragraph 80.

81.     KGK's false statements impugn the integrity of SourceOne's business practices and are the direct, immediate, and proximate cause of irreparable damage to SourceOne's reputation in the marketplace rendering these statements defamatory per se such that SourceOne is entitled to damages.

Answer:       KGK denies the allegations of paragraph 81.

82.     KGK has acted willfully and maliciously in making the false statements referenced herein.

Answer:       KGK denies the allegations of paragraph 82.

## COUNT XII
## COMMON LAW UNFAIR COMPETITION

83.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

Answer:       KGK hereby incorporates by reference its responses to paragraphs 1-82 of

the Complaint as if stated fully herein.

84.     KGK made false and misleading representations to customers, potential customers, suppliers, and those with whom SourceOne had existing economic relations that

products developed and sold by SourceOne infringe valid and enforceable patent rights owned by KGK.

      Answer:      KGK denies the allegations of paragraph 84.

      85.     KGK made these statements without a reasonable belief that SourceOne's products could possibly infringe any valid or enforceable patent issued to KGK.

      Answer:      KGK denies the allegations of paragraph 85.

      86.     KGK's statements were made without a reasonable factual or legal basis in an effort to undermine SourceOne's position in the marketplace and to unfairly gain a competitive advantage over SourceOne.

      Answer:      KGK denies the allegations of paragraph 86.

      87.     KGK's statements and misrepresentations proximately caused, and continue to cause, immediate and irreparable harm to SourceOne's goodwill and commercial reputation for which there is no adequate remedy at law in addition to causing lost sales and lost profits for which SourceOne is entitled to monetary and equitable relief.

      Answer:      KGK denies the allegations of paragraph 87.

## COUNT XIII
## UNFAIR COMPETITION UNDER THE LANHAM ACT

      88.     SourceOne hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

      Answer:      KGK hereby incorporates by reference its responses to paragraphs 1-87 of

the Complaint as if stated fully herein.

      89.     This is a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125

      Answer:      KGK admits that Count XIII purports to be a claim for unfair competition

under 15 U.S.C. § 1125, but denies the factual allegations in Paragraph 89 and denies that

Plaintiff has any basis for such claim.

      90.     KGK made false and misleading representations to SourceOne's customers, potential customers, and suppliers in order to promote its products and to disparage SourceOne's products, e.g., that products developed and sold by SourceOne infringe valid and enforceable patents owned by KGK.

      Answer:      KGK denies the allegations of paragraph 90.

91.     KGK's false and misleading statements actually deceived or are likely to deceive a substantial segment of the intended audience, i.e., SourceOne's customers, suppliers, and potential customers for the accused products.

Answer:       KGK denies the allegations of paragraph 91.

92.     KGK's false and misleading statements are material in that they have influenced or are likely to influence purchasing decisions of SourceOne's customers and potential customers for the accused products.

Answer:       KGK denies the allegations of paragraph 92.

93.     KGK caused the false and misleading statements to enter interstate commerce.

Answer:       KGK denies the allegations of paragraph 93.

94.     KGK's false and misleading statements have resulted in actual or probable injury to SourceOne by causing actual, and/or potential customers not to purchase SourceOne's accused products.

Answer:       KGK denies the allegations of paragraph 94.

95.     KGK's false and misleading statements were undertaken in bad faith in that they were made with knowledge of the invalidity and/or unenforceability of it patents and with knowledge that SourceOne's accused products do not infringe any valid or enforceable claim of any patents owned by KGK.

Answer:       KGK denies the allegations of paragraph 95.

96.     KGK's statements and misrepresentations proximately caused and continue to cause immediate and irreparable harm to SourceOne for which there is no adequate remedy at law in addition to causing SourceOne to suffer lost profits, lost sales, and to incur attorneys' fees, court costs and expenses.

Answer:       KGK denies the allegations of paragraph 96.

## AFFIRMATIVE DEFENSES

For its defenses to the allegations of the Complaint and without undertaking any burden it does not otherwise bear, KGK avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Counts VIII, IX, X, XI, XII and XIII of the Complaint are barred, in whole or in part, because KGK's communications concerning its patent rights and the infringement of the same were made in good faith.

### SECOND AFFIRMATIVE DEFENSE

Counts VIII, IX, X, XI, XII and XIII of the Complaint are barred, in whole or in part, because KGK's communications concerning its patent rights and the infringement of the same were not made in bad faith.

### THIRD AFFIRMATIVE DEFENSE

Counts VIII, IX, X, XI, XII and XIII of the Complaint are barred, in whole or in part, because KGK's communications concerning its patent rights and the infringement of the same were not objectively baseless.

### FOURTH AFFIRMATIVE DEFENSE

All counts of the Complaint are barred by the doctrine of Unclean Hands. Plaintiff willfully and deliberately breached its contractual obligations, as provided in the License Agreement, to (a) "use commercially reasonable efforts to promote sales of the Products during the Term," and (b) "use commercially reasonable efforts to effectively manufacture and market sufficient quantities of the Products to meet customer demands and to make the benefit of the Products known and available to the public." Instead of using such contractually required efforts, Plaintiff developed, promoted, and sold the family of products under the name

Cholesstrinol as direct competitors of KGK's Sytrinol product. Plaintiff further misappropriated the trademark Cholesstrinol, which, as provided in the License Agreement, belongs to KGK. Plaintiff's actions undermined KGK's market share and goodwill for Plaintiff's illicit gain.

### FIFTH AFFIRMATIVE DEFENSE

Counts VIII and IX of the Complaint are barred by the doctrine of Competitor's Privilege because, upon information and belief, Plaintiff and KGK are competitors.

### SIXTH AFFIRMATIVE DEFENSE

Counts II, IV, and VI of the Complaint are barred pursuant to the License Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, by entering into the License Agreement, has waived any right it may have to assert Counts II, IV, and VI of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Count XI of the Complaint is barred pursuant to the affirmative defense of substantial truth in connection with KGK's assertions.

### NINTH AFFIRMATIVE DEFENSE

Counts V and VI are barred, because of the failure of Plaintiff to join a necessary and indispensable party, the United States of America.

### TENTH AFFIRMATIVE DEFENSE

KGK reserves the right to assert any and all additional defenses, including affirmative defenses that may be ascertained during the course of discovery, including but not limited to the failure of Plaintiff to properly state any or all of its claims.

## COUNTERCLAIMS

Counterclaim Plaintiff KGK Synergize, Inc. ("KGK"), as and for its Counterclaims against Source One Global Partners, LLC, d/b/a SourceOne Global Partners and d/b/a Source One Global Partners, LLP, and formerly known as Source One Global, LLC (collectively, "Source One"), avers upon its own knowledge as to itself and otherwise upon information and belief as follows:

## THE PARTIES

1.      KGK is a Canadian corporation having a principal place of business at Suite 1440, One London Place, 255 Queens Avenue, London, Ontario, Canada N6A 5R8.

2.      Upon information and belief, Source One (a) is an Illinois limited liability company having a principal place of business at 445 E. Illinois, Suite 345, Chicago, Illinois 60611, (b) operates a website at www.source-1-global.com; and (c) is dominated and controlled by Jesse Lopez ("Lopez"), who calls himself its president and chief executive officer.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over KGK's patent and trademark counterclaims pursuant to (a) 28 U.S.C. §§ 1331 and 1338(a) because these counterclaims arise under the Patent and Trademark Laws of the United States Titles 35 and 15, United States Code; and (b) a Memorandum Opinion and Order of this Court, entered May 13, 2009 (Dkt. No. 60), which held that the Court has jurisdiction over Counts V and VI of the Complaint relating to U.S. Patent No. 6,987,125 ("the '125 Patent"). This Court also has original jurisdiction over the unfair competition and trademark counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338 because these counterclaims arise under Section 43(a) of the Lanham Act and 15 U.S.C. § 1125(a). Moreover, this Court has jurisdiction over all state law claims pursuant to 28 U.S.C. §

1332, because the parties are diverse and the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interest and costs. This court has jurisdiction over KGK's request to

rectify the register of the Patent and Trademark Office under 15 U.S.C. § 1119.

4.     Venue is appropriate pursuant to 28 U.S.C. §1391 because, upon information and

belief, (a) Source One resides in this District and maintains its principal place of business in this

District, and (b) a substantial part of the events or omissions giving rise to the claims occurred in

this District.

5.     In addition, venue is proper pursuant to 28 U.S.C. §1400 because Source One

(a) resides in this District and (b) has committed acts of infringement and has a regular and

established place of business in this District.

FIRST COUNTERCLAIM
(INFRINGEMENT OF THE '114 PATENT)

6.     KGK incorporates by reference the preceding Counterclaim paragraphs 1 - 5 as if

stated fully herein.

7.     On May 29, 2001, U.S. Patent No. 6,239,114, entitled "Compositions and

Methods for Treatment of Neoplastic Diseases with Combinations of Limonoids, Flavonoids and

Tocotrienols" ("the '114 Patent") was duly and legally issued by the United States Patent and

Trademark Office ("the PTO").

8.     KGK is the owner of the entire right, title and interest to the '114 Patent.

9.     Within this judicial district and elsewhere throughout the United States, Source

One, acting individually or in concert with Lopez, has engaged in the manufacture, use, sale,

offer for sale, and/or importation of one or more products that infringed and continue to infringe,

directly and/or indirectly by contributorily infringing and/or inducing to infringe, one or more

24

claims of the '114 Patent, in violation of 35 U.S.C. §271 and without KGK's authority.  Such infringement will continue unless enjoined by this Court.

10.     Source One, acting individually or in concert with Lopez, has engaged in the infringing activities with actual knowledge of the '114 Patent.

11.     Source One's infringing activities have been willful and deliberate.

12.     As a direct result of Source One's infringing activities, KGK has suffered and is suffering damages in an amount yet to be determined.

13.     Source One's infringing activities are causing irreparable harm to KGK and will continue to cause irreparable harm unless enjoined by this Court.

SECOND COUNTERCLAIM
(INFRINGEMENT OF THE '400 PATENT)

14.     KGK incorporates by reference the preceding Counterclaim paragraphs 1 - 13 as if stated fully herein.

15.     On June 26, 2001, U.S. Patent No. 6,251,400, entitled "Compositions and Methods of Treatment of Neoplastic Diseases and Hypercholesterolemia with Citrus Limonoids Flavonoids and Tocotrienols" ("the '400 Patent") was duly and legally issued by the PTO.

16.     KGK is the owner of the entire right, title and interest to the '400 Patent.

17.     Within this judicial district and elsewhere throughout the United States, Source One, acting individually or in concert with Lopez, has engaged in the manufacture, use, sale, offer for sale, and/or importation of one or more products that infringed and continue to infringe, directly and/or indirectly by contributorily infringing and/or inducing to infringe, one or more

claims of the '400 Patent, in violation of 35 U.S.C. §271 and without KGK's authority.  Such infringement will continue unless enjoined by this Court.

18.     Source One, acting individually or in concert with Lopez, has engaged in the infringing activities with actual knowledge of the '400 Patent.

19.     Source One's infringing activities have been willful and deliberate.

20.     As a direct result of Source One's infringing activities, KGK has suffered and is suffering damages in an amount yet to be determined.

21.     Source One's infringing activities are causing irreparable harm to KGK and will continue to cause irreparable harm unless enjoined by this Court.

THIRD COUNTERCLAIM
(TRADEMARK INFRINGEMENT - LANHAM ACT)

22.     KGK incorporates by reference the preceding paragraphs 1 - 21 as if stated fully herein.

23.     KGK is the owner of U.S. trademark registration number 3,078,476 for the mark SYTRINOL® (the "Sytrinol Registration") which was filed on October 28, 2003 and duly and legally issued on April 11, 2006.  A copy of the registration certificate for the Sytrinol Registration is attached as Exhibit 1.

24.     The highly-distinctive SYTRINOL® mark has been used in interstate commerce and/or commerce with the United States since at least 2003 in connection with KGK's patented nutritional supplements for lowering cholesterol.  Since its introduction, SYTRINOL-branded products have been extensively advertised, marketed, and sold in the United States and throughout the world.  Through KGK's efforts, the SYTRINOL® mark has become synonymous

in the minds of consumers with KGK's high-quality nutritional supplements for lowering cholesterol.

25.     The SYTRINOL® mark has been and is being infringed by Source One's use of the mark CHOLESSTRINOL both in a stylized and unstylized form (the "Cholesstrinol Marks"). The Cholesstrinol Marks are both colorable imitations of the SYTRINOL® mark and as such are likely to cause confusion, deception, and the mistaken belief among consumers that the products sold by Source One as Cholesstrinol were made by, authorized by, sponsored by, and/or affiliated with KGK.

26.     A sample of the stylized Cholesstrinol mark as used by Source One is attached as Exhibit 2.  The stylized Cholesstrinol mark confusingly imitates the SYTRINOL® mark by including a design element that exactly duplicates the letter "y" in "Sytrinol" and falls precisely between the same letters in the Cholesstrinol mark as it does in KGK's SYTRINOL® mark.

27.     Uses of the Cholesstrinol Marks by Source One are without the permission or authority of KGK.

28.     As a direct result of Source One's deliberate and willful infringing activities, KGK has suffered and is suffering damages in an amount yet to be determined.

29.     Source One's infringing activities are causing irreparable harm to KGK and will continue to cause irreparable harm unless enjoined by this Court.

FOURTH COUNTERCLAIM
(UNFAIR COMPETITION - LANHAM ACT)

30.     KGK incorporates by reference the preceding paragraphs 1 - 29 as if stated fully herein.

31.     This is a claim for unfair competition based on the infringement of KGK's common-law rights in the trademark SYTRINOL (stylized), a specimen of which is attached hereto as Exhibit 3 (the "stylized SYTRINOL mark").

32.     The stylized SYTRINOL mark has been and is being infringed by Source One's use of the Cholesstrinol Marks in interstate commerce in conjunction with the advertising, marketing, offering for sale, and/or selling of a competing brand of nutritional supplements. This use is without permission or authority of KGK and is likely to cause confusion, to cause mistake, and to deceive.

33.     Continuously since on or about 2003, KGK has used the stylized SYTRINOL mark in connection with goods sold in interstate commerce and/or commerce with the United States to identify these goods and to distinguish them from those made and sold by others.  KGK has prominently displayed the mark in connection with the goods and on their containers.  In addition, KGK has prominently displayed the mark in advertising, on the Internet and in periodicals distributed throughout the United States.

34.     The stylized SYTRINOL mark is highly distinctive.  Further, as a result of the extensive sales and advertising by KGK using the stylized SYTRINOL mark, it has come to be known to purchasers as indicative of high-quality nutritional supplements originating only with KGK that are designed to lower cholesterol.

35.     The Cholesstrinol Marks are colorable imitations of the stylized SYTRINOL mark and as such are likely to cause confusion, deception and the mistaken belief among consumers that the Cholesstrinol products were made, authorized, sponsored and/or affiliated with KGK.

36.     The stylized Cholesstrinol mark confusingly imitates the stylized SYTRINOL mark by including a design element that exactly duplicates the letter "y" in "Sytrinol" and falls precisely between the same letters in Source One's Cholesstrinol mark as it does in KGK's stylized SYTRINOL mark.

37.     The stylized Cholesstrinol Mark employs a green and orange color scheme that is almost identical to that used by KGK.

38.     The stylized Cholesstrinol Mark employs an orange design element complete with a green leaf that is confusingly similar to that used in KGK's stylized SYTRINOL mark.

39.     These acts by Source One are without the permission or authority of KGK.

40.     Source One had actual knowledge of KGK's use of the stylized SYTRINOL mark.

41.     Source One's infringement of the stylized SYTRINOL mark is willful and deliberate and has unjustly enriched Source One.

42.     As a direct result of Source One's deliberate and willful infringing activities, KGK has suffered and is suffering damages in an amount yet to be determined.

43.     Source One's use of the Cholesstrinol Marks is causing irreparable harm to KGK and, unless restrained by this Court, will continue to cause irreparable harm for which KGK has no adequate remedy at law.

FIFTH COUNTERCLAIM
(DECLARATORY JUDGMENT AND CONSTRUCTIVE TRUST)

44.     KGK incorporates by reference the preceding paragraphs 1 - 43 as if stated fully herein.

45.     KGK entered into a License Agreement dated June 30, 2003 with Source One, which they amended on or about January 24, 2007, (the "License Agreement").  What appears to be a true and correct copy of the License Agreement is attached to the Complaint as Exhibit 1.

46.     The License Agreement provides that all trademarks used in connection with the distribution and sale of the products that are the subject of the License Agreement ("Products") will be owned by KGK.

47.     During the term of the License Agreement, and in connection with the distribution and sale of Products in interstate commerce, an orange heart logo (the "Orange Heart logo") was used.

48.     During the term of the License Agreement, Source One used the Orange Heart logo in connection with the advertising, marketing, offering for sale and/or selling of the Sytrinol product.

49.     The Orange Heart logo was registered by Source One with the United States Patent and Trademark Office ("PTO") as registration number 3,200,078 (the "Orange Heart Registration"), filed on December 13, 2003 and duly issued on January 23, 2007, for the benefit of KGK.  A true and correct copy of the registration certificate is attached hereto as Exhibit 4.

50.     In connection with the application to register the Orange Heart logo, Source One submitted to the PTO an advertisement of KGK's Sytrinol product as a specimen to prove use of the mark in commerce.

51.     Pursuant to the License Agreement, KGK owns the rights to the Orange Heart logo.

52.     Source One has failed to transfer the Orange Heart Registration to KGK.

53.     KGK demands a judgment declaring that it is the true owner of the Orange Heart Registration and that Source One holds the deed to the Orange Heart Registration in trust for KGK.

54.     KGK demands an order directing the U.S. Patent and Trademark Office to amend its records to reflect that KGK owns the Orange Heart Registration.

55.     As a result of Source One's misuse of the Orange Heart logo, Source One has been unjustly enriched, and KGK has been damaged in an amount yet to be determined.

SIXTH COUNTERCLAIM
(DECLARATORY JUDGMENT AND CONSTRUCTIVE TRUST)

56.     KGK incorporates by reference the preceding paragraphs 1 - 55 as if stated fully herein.

57.     The License Agreement provides that all "Improvements" and "KGK Technology" (as defined therein) will be owned by KGK.

58.     Upon information and belief, during the term of the License Agreement Source One entered into an exclusive licensing agreement with one or more third parties providing for the development by Source One of certain nutritional supplements incorporating patented technology related to the Vesisorb® branded delivery system.

59.     During the term of the License Agreement, Source One publicized the use of this Vesisorb® technology in connection with the sale of both Sytrinol® and Cholesstrinol.

60.     Pursuant to the License Agreement, KGK owns any rights held by Source One in and to the Vesisorb® delivery system, including any rights to a license to use the Vesisorb® delivery system in connection with products treating cholesterol.

61.     Source One has failed to transfer its rights in the Vesisorb® delivery system to KGK.

62.     KGK demands a judgment declaring that it is the true owner of the rights licensed to Source One in connection with the Vesisorb® delivery system in connection with treating cholesterol and that Source One holds these rights in trust for KGK.

63.     KGK demands an order directing Source One to assign these rights to KGK to the extent assignable.

64.     As a result of Source One's misuse of the license to the Vesisorb® delivery system in connection with Cholesstrinol, Source One has been unjustly enriched, and KGK has been damaged in an amount yet to be determined.

SEVENTH COUNTERCLAIM
(UNFAIR COMPETITION -- LANHAM ACT)

65.     KGK incorporates by reference the preceding paragraphs 1 - 64 as if stated fully herein.

66.     KGK owns the rights to the Orange Heart logo, which has come to be known to consumers as indicative of goods originating with KGK.

67.     During the term of the License Agreement and thereafter, Source One began using and continues using the Orange Heart logo in interstate commerce in connection with the advertising, marketing, offering for sale, and/or sale of the Cholesstrinol nutritional supplements.

68.     Source One's use of the Orange Heart logo is without permission or authority of KGK and is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of Cholesstrinol.

69.     Source One knew of KGK's rights in of the Orange Heart logo and willfully and deliberately attempted and is attempting to usurp that mark and all corresponding goodwill.

70.     As a direct result of Source One's infringing activities, KGK has suffered and is suffering damages in an amount yet to be determined, and Source One has been unjustly enriched.

71.     Source One's use of the Orange Heart logo is causing irreparable harm to KGK and, unless restrained by this Court, will continue to cause irreparable harm for which KGK has no adequate remedy at law.

EIGHTH COUNTERCLAIM
(BREACH OF CONTRACT)

72.     KGK incorporates by reference the preceding paragraphs 1 - 71 as if stated fully herein.

73.     Pursuant to the License Agreement, Source One owed a duty KGK to "use commercially reasonable efforts to promote sales of the Products during the Term."

74.     Pursuant to the License Agreement, Source One owed a duty to KGK to "use commercially reasonable efforts to effectively manufacture and market sufficient quantities of the Products to meet customer demands and to make the benefit of the Products known and available to the public."

75.     Source One breached its contractual duties by developing, promoting, and selling the family of products under the name Cholesstrinol as direct competitors of KGK's Sytrinol product.

76.     Source One's actions have injured KGK because, among other things, Source One did not pay royalties to KGK on the sales of Cholesstrinol products.

77.     Source One further misappropriated the Cholesstrinol mark, which, as provided in the License Agreement, belongs to KGK.

78.     Source One willfully and deliberately breached its contractual obligations, as provided in the License Agreement.

79.     Source One's actions have injured KGK by undermining its market share and goodwill, and have unjustly enriched Source One.

80.     As a result, KGK has suffered and is suffering, damages in an amount yet to be determined.

81.     Source One's breach of the License Agreement is causing irreparable harm to KGK and, unless restrained by this Court, will continue to cause irreparable harm for which KGK has no adequate remedy at law.

NINTH COUNTERCLAIM
(BREACH OF CONTRACT)

82.     KGK incorporates by reference the preceding paragraphs 1 - 81 as if stated fully herein.

83.     During the term of the License Agreement, certain disputes arose, and KGK commenced an arbitration proceeding in Ontario, Canada against Source One and Lopez (the "Arbitration Proceeding").  Those parties settled the Arbitration Proceeding pursuant to Minutes of Settlement, dated December 18, 2007 (the "Settlement Agreement").  What appears to be a true and correct copy of that Settlement Agreement is attached to the Complaint as Exhibit 2.

84.     Paragraph 7 of the Settlement Agreement provides that "Source One will not retain any inventory of Sytrinol after the date of termination of the License Agreement, subject to Source One's right to complete delivery on sales of Sytrinol booked prior to the termination date provided that no such delivery may take place more than 90 days following the termination date.

Source One will otherwise be responsible for all obligations under any third party agreements which it has in effect."

85.     Upon information and belief, the Cholesstrinol products are merely rebranded Sytrinol products, and Source One continues to sell Sytrinol as Cholesstrinol.

86.     Accordingly, Source One and Lopez have breached their obligations under the Settlement Agreement and have been unjustly enriched as a result.

87.     Source One's breach of the Settlement Agreement has harmed and is harming KGK's market share and hindering its ability to sell Sytrinol products.

88.     Source One's breach of the Settlement Agreement has caused and is causing irreparable harm to KGK and, unless restrained by this Court, will continue to cause irreparable harm for which KGK has no adequate remedy at law.

TENTH COUNTERCLAIM
(ILLINOIS DECEPTIVE TRADE PRACTICES ACT)

89.     KGK incorporates by reference the preceding paragraphs 1 - 88 as if stated fully herein.

90.     This is a claim for violation of the Illinois Deceptive Trade Practices Act in connection with the use by Source One of the SYTRINOL registration, the stylized SYTRINOL mark, and the Orange Heart logo (collectively the "KGK marks").

91.     Pursuant to the License Agreement the Orange Heart logo is the property of KGK. Source One has improperly registered the Orange Heart logo. Source One has infringed and is infringing the KGK marks through its use of the Orange Heart logo in connection with the Cholesstrinol products.

92.     The KGK marks are the property of KGK.  Source One has infringed and is infringing the KGK marks through its use of the Cholesstrinol Marks.

93.     Source One has used and is using the infringing Cholesstrinol Marks to promote, market, and sell products in direct competition with KGK.

94.     Source One's uses have caused and will continue to cause a likelihood of confusion or misunderstanding as to the source, sponsorship and/or approval of the goods.

95.     Additionally, these uses have caused and will continue to cause a likelihood of confusion or misunderstanding as to the affiliation, connection, and/or association of KGK and Source One and their respective goods.

96.     Upon information and belief, Source One has been unjustly enriched and has made and will make substantial profits and gains to which it is not in law or equity entitled.

97.     Source One's use of the KGK marks has irreparably harmed KGK, and unless restrained by this Court, will continue to cause irreparable harm for which KGK has no adequate remedy at law.

98.     Additionally Source One's use of the KGK marks has caused KGK to suffer damages in an amount yet to be determined.

ELEVENTH COUNTERCLAIM
(INFRINGEMENT OF THE '125 PATENT)

99.     KGK incorporates by reference the preceding paragraphs 1 - 98 as if stated fully herein.

100.    On January 17, 2006, U.S. Patent No. 6,987,125, entitled "Compositions and Methods of Treating, Reducing and Preventing Cardiovascular Diseases and Disorders with Polymethoxyflavones" was duly and legally issued by the PTO.

101.    KGK owns a one-half undivided interest in the '125 Patent, and, upon information and belief, the United States of America, as represented by the Secretary of Agriculture, also owns a one-half undivided interest in the '125 Patent.

102.    Within this judicial district and elsewhere throughout the United States, Source One, acting individually or in concert with Lopez, has engaged in the manufacture, use, sale, offer for sale, and/or importation of one or more products that infringed and continue to infringe, directly and/or indirectly by contributorily infringing and/or inducing to infringe, one or more claims of the '125 Patent, in violation of 35 U.S.C. §271 and without authority.  Such infringement will continue unless enjoined by this Court.

103.    Source One, acting individually or in concert with Lopez, has engaged in the infringing activities with actual knowledge of the '125 Patent.

104.    SourceOne's infringing activities have been willful and deliberate.

105.    As a direct result of SourceOne's infringing activities, KGK has suffered and is suffering damages in an amount yet to be determined.

106.    SourceOne's infringing activities are causing irreparable harm to KGK and will continue to cause irreparable harm unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, KGK prays that the court:

A.      Dismiss the Complaint with prejudice;

B.      Declare that this Court does not have subject matter jurisdiction over SourceOne's declaratory judgment claims concerning U.S. Patent No. 6,987,125 (Counts V and VI of the Complaint);

C.      Declare that each of U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, and U.S. Patent No. 6,987,125 is not invalid;

D.      Declare that Source One has infringed, contributed to the infringement of, and/or induced the infringement of one or more valid and enforceable claims of U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, and/or U.S. Patent No. 6,987,125;

E.      Issue preliminary and permanent injunctions enjoining Source One, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further infringement of U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, and U.S. Patent No. 6,987,125;

F.      Award KGK damages in an amount sufficient to compensate it for Source One's infringement of U.S. Patent No. 6,239,114, U.S. Patent No. 6,251,400, and U.S. Patent No. 6,987,125, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. 284, but in no event less than a reasonable royalty, and increase such damages pursuant to 35 U.S.C. § 284 because of the knowing, willful and wanton nature of Source One's conduct;

G.      Award KGK an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

H.     Declare that KGK is the proper owner of the rights in U.S. trademark registration number 3,200,078 and that Source One holds that registration in trust for KGK;

I.      Direct the Director of the United States Patent and Trademark Office to rectify the register with respect to U.S. trademark registration number 3,200,078 and reflect KGK Synergize, Inc. as the true and correct owner as of the date of filing of the application;

J.      Declare that KGK is the proper licensee of the rights granted to Source One in and to the Vesisorb® delivery system and that Source One holds these rights in trust for KGK;

K.     Direct Source One to assign the exclusive license in and to the Vesisorb® delivery system with respect to the treatment of cholesterol to KGK;

L.      Declare that Source One has infringed the KGK marks;

M.     Issue preliminary and permanent injunctions enjoining Source One, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further infringement of the KGK marks;

N.     Order an accounting for and award to KGK all Source One's gains, profits, and advantages realized from its infringement of the KGK marks and its acts of unfair competition and deceptive trade practices;

O.     Award KGK such damages with interest as KGK has sustained as a consequence of Source One's infringement of the KGK marks and its acts of unfair competition and deceptive trade practices, including multiple damages in the amount of three times the damages sustained by KGK, pursuant to 15 U.S.C. § 1117;

P.      Order Source One to deliver up for destruction or other disposition all products, packaging, labels, literature, advertising, and other material bearing marks that infringe the KGK marks;

Q.      Render judgment against Source One for its acts of breach of contract, including all damages that KGK is entitled to receive, together with interest;

R.      Render judgment against Source One for its acts of deceptive trade practices under Illinois law;

S.      Declare that this is an "exceptional case" pursuant to provisions 15 U.S.C. § 1117, 35 U.S.C. § 285 and all other applicable law, and award KGK all costs of suit and reasonable attorneys' fees pursuant to those provisions; and

T.      Order any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

KGK hereby demands a jury trial on all issues so triable.

Respectfully submitted,


By: /s/ Annette M. McGarry
Annette M. McGarry (6205751)
  amm@mcgarryllc.com
Marianne C. Holzhall (6204057)
  mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 100
Chicago, IL  60602
(312) 345-4600 (main)

Marvin S. Gittes, pro hac vice (msgittes@mintz.com)
Kevin N. Ainsworth, pro hac vice
(kainsworth@mintz.com)
MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO, P.C.
666 Third Avenue, 24th Floor
New York, New York 10017
212.935.3000 (main)

ATTORNEYS FOR DEFENDANT,
COUNTERCLAIM-PLAINTIFF and THIRD-PARTY
PLAINTIFF KGK SYNERGIZE, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2009, the foregoing First Amended Answer and Counterclaims was electronically filed using the CM/ECF system and served upon:

Keith J. Grady, Esq.
Graham L.W. Day, Esq.
Polsinelli Shughart PC
100 South Fourth Street, Suite 1100
St. Louis, Missouri 63102

John J. Curry, Esq.
Polsinelli Shughart PC
Two Prudential Plaza
180 N. Stetson Avenue, Suite 4525
Chicago, Illinois  60601


<u>/s/ Annette M. McGarry</u>


4621491