

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOURCEONE GLOBAL PARTNERS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 7403 |
| KGK SYNERGIZE, INC., | ) Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) |
| KGK SYNERGIZE, INC., | ) |
| Counterclaim Plaintiff and Third-Party Plaintiff, | ) |
| v. | ) |
| SOURCEONE GLOBAL PARTNERS, LLC, etc., | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| JESSE LOPEZ | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

By its May 13, 2009 Memorandum Opinion and Order ("Mem. Op."), this Court denied KGK Synergize, Inc.'s ("KGK") motion to dismiss Counts V and VI of SourceOne Global Partners, Inc.'s

1

("SourceOne") Complaint for lack of subject matter jurisdiction, or in the alternative, for failure to join an indispensable party as required by Federal Rule of Civil Procedure 19 (doc. # 60). Counts V and VI of the Complaint seek a declaratory judgment of invalidity and non-infringement of U.S. Patent No. 6,987, 125 ("the '125 Patent") (doc. # 1). In its motion to dismiss, KGK argued unsuccessfully that declaratory judgment claims involving the '125 Patent could not proceed in the absence of the United States ("the Government"), a co-owner of the patent who cannot be sued because it has not waived its sovereign immunity (docs. # 29, 30).

In denying the motion to dismiss, this Court held that SourceOne's inability to join the Government in this action did not divest the Court of subject matter jurisdiction over declaratory judgment claims involving the '125 Patent (Mem. Op. at 5-9). The Court further found that although the Government is a required party under Rule 19(a), it is not an indispensable one (*id.* at 9-17). Weighing all of the relevant considerations under Rule 19(b), the Court held that SourceOne's declaratory judgment claims could proceed without the Government's involvement (*id.* at 11-17).

KGK now seeks reconsideration of the Court's denial of the motion to dismiss (doc. # 64). KGK's motion does not challenge the Court's Rule 19 analysis. Rather, KGK argues that the Court should not even have conducted that analysis, and instead at the threshold should have dismissed the claims involving the '125 Patent for lack of subject matter jurisdiction. KGK reasserts its argument that the Court lacks subject matter jurisdiction because the Government is a co-owner of the patent in suit, and cannot be compelled to participate in this case (Mot. for Reconsideration at 5-7). KGK reasons that as a patent co-owner, KGK would lack standing to pursue an infringement claim against SourceOne without the Government joining in as a party, and therefore SourceOne's declaratory judgment claims likewise cannot go forward in the absence of the Government.

Motions for reconsideration serve a limited function: they "should only be presented when the law or facts change significantly after the issue is presented to the Court, or the Court has 'patently misunderstood a party,' has 'made a decision outside the adversarial issued presented' to it, or has 'made an error not of reasoning but of apprehension.'" *Securities and Exchange Comm'n v. Lipson*, 46 F. Supp. 2d 758, 766 (N.D. Ill. 1999) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Here, KGK apparently argues that the Court made an error of apprehension, stating that "[t]he parties, by their inadequate prior briefing regarding standing and subject matter jurisdiction, have led the Court down a path that it should not tread" (Mot. for Reconsideration at 1).

We doubt that this statement meets the standard for reconsideration, as it suggests that KGK seeks either (1) to overcome insufficiencies in its earlier presentation, which it may not do on a motion for reconsideration, *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (a motion for reconsideration is not a "vehicle for a party to undo its own procedural failures"), or (2) to offer new arguments, which is equally impermissible. *Id.*; *see also Bordelon v. Chicago School Reform Bd. Of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). However, we do not view the prior submissions as having been insufficient, or KGK's arguments on the motion for reconsideration to be new ones. Rather, KGK's motion repackages the same arguments it previously made, that the Court understood but declined to accept. Of course, motions for reconsideration also are not the place to reargue points previously made and rejected, and on that basis alone we could summarily deny KGK's motion. But, we explain below why we disagree that the Government's absence creates a standing issue that deprives this Court of subject matter jurisdiction over the claims involving the '125 Patent.

**I.**

In addressing the issue of standing, we begin with the well-settled proposition that in a declaratory judgment action, we examine whether the declaratory judgment defendant would have had standing to bring the action as a plaintiff. *Speedco, Inc. v. Estes*, 853 F.2d 909, 912 (Fed. Cir. 1988). Thus, in this case, we consider whether KGK would have standing to file an infringement claim against SourceOne on the '125 Patent.

The doctrine of standing imposes both constitutional and prudential limitations on federal court jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In analyzing challenges to standing, the Federal Circuit distinguishes between constitutional standing, which is jurisdictional, and prudential standing, which is not. *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F. 3d 1372, 1376-1377 (Fed. Cir. 2000) (noting distinction between Article III requirements and prudential considerations of standing in context of challenge to licensee's standing to sue without presence of patent owner); *see also Bellehumeur v. Bonnett*, 127 Fed. Appx. 480, 2005 WL 548203 (Fed. Cir. March 8, 2005) (acknowledging co-owner's jurisdictional standing to bring suit, but remanding for consideration of prudential standing in absence of co-owner).

In this case, jurisdictional standing to sue for infringement stems from the Patent Act, which provides in relevant part that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281; *see also Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (noting that the right of a patentee to a remedy for patent infringement is created by statute). As an owner of the '125 Patent, KGK would have constitutional standing to sue SourceOne on a claim of infringement. Whether KGK could sue on such a claim without the Government's participation does not raise Article III standing concerns.

4

## II.

The Federal Circuit has addressed on several occasions whether a patent suit may proceed in the absence of all parties with ownership rights in a patent. On that issue, the Federal Circuit has not spoken with one voice: its decisions present two divergent lines of authority, neither of which discusses the other. In one line of authority, the Federal Circuit has employed the four factor test of Rule 19 to determine whether a claim may proceed in the absence of a patent owner, leaving aside the issue of standing. *See, e.g., Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1272 (Fed. Cir. 1998). On the other hand, there is a separate line of cases in which the Federal Circuit has analyzed the matter as one of standing, noting that prudential standing considerations ordinarily require all co-owners to voluntarily consent to join in a patent infringement suit in order for it to proceed. *See, e.g., Ethicon v. U.S. Surgical Corp.*, 135 F. 3d 1456, 1467 (Fed. Cir. 1998).

KGK asks us to adopt the *Ethicon* approach, and to find that there is an absence of standing here because of the inability to join the Government as a defendant. We declined to do so before, and we are not persuaded to do so now.

To begin with, we note that the *Dainippon* approach is not novel, but is one that has been used by a number of courts in deciding whether a patent suit may proceed in the absence of all owners of the patent. *See Delano Farms Co. v. The Calif. Table Grape Comm'n*, ___ F. Supp. 2d ___, 2009 WL 426600 (E.D. Cal. Feb. 20, 2009) (employing Rule 19 factors to decide whether suit may proceed in the absence of patent co-owner); *Synopsys, Inc. v. Magma Design Automation*, No. C-04-3923, 2006 WL 825277 (N.D. Cal. Mar. 30, 2006) (analyzing the issue under Rule 19, and noting that patent co-owner was not necessarily an indispensable party); *Minute-Man Anchors, Inc. v. Oliver Techn., Inc.*, No. 1:04 CV 27, 2005 WL 1871164 (W.D.N.C. Aug. 5, 2005) (rejecting

application of standing analysis to declaratory judgment claim brought against non-exclusive licensee and following the *Dainippon* approach to analyze the absence of all patent owners under Rule 19); *Howes v. Medical Components, Inc.*, 698 F. Supp. 574, 576 (E.D. Pa. 1988) (rejecting a claim that the absence of all co-owners created a standing issue, reasoning that "the adoption of the 1966 amendments to Rule 19 makes inappropriate any contention that patent co-owners are *per se* indispensable in infringement suits") (internal quotations omitted).[1]

We agree with this line of authority. While the Supreme Court has not "exhaustively defined the prudential dimensions of the standing doctrine," it has explained that prudential standing encompasses, among other things, "the general prohibition on a litigant's raising another person's legal rights." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004). The Rule 19 analysis gives weight to this important prudential standing consideration, by considering whether the interests of the absent party are "adequately protected by those who are present," *Dainippon*, 142 F.3d at 1272, without totaling barring suits that – to use the language of Rule 19(b) – "in equity and good conscience" should be allowed to proceed. *See also* Fed. R. Civ. P. 19, Advisory Committee's Note (1966) (when comprehensive joinder is not possible, "the case should be examined pragmatically" to determine whether it should proceed in the absence of an interested person).

We recognize that, as KGK correctly observes, cases hewing to the *Ethicon* approach state

---

[1] We note that in one of these cases, *Delano Farms*, the court employed a Rule 19 analysis to find the absent patent owner – the United States Department of Agriculture – both a required and an indispensable party whose absence resulted in dismissal. 2009 WL 426600, at *22. While KGK's motion for reconsideration does not challenge this Court's Rule 19 analysis, we note with respect our disagreement with the *Delano Farms* analysis of indispensability. In our judgment, the *Delano Farms* court did not explain why the Department of Agriculture and the private patent co-owner did not have a unity of interest sufficient to protect the interest of the missing owner with regard to the patents in suit, a matter of great importance to this Court's indispensability analysis (*see* Mem. Op. at 11-13). Nor did the *Delano Farms* court address the full extent of harm that would result from a ruling that effectively would allow the private owner to threaten patent infringement suits with impunity, since it would be insulated from any declaratory judgment action challenging infringement of the patent or its validity, a consideration that this Court found compelling (*id.* at 14-15).

that, "as a general rule, where one co-owner possesses an undivided part of the entire patent, that joint owner must join all owners to establish standing." *Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007). What KGK does not acknowledge, however, is that this general rule is simply that: a general rule. The Federal Circuit has long acknowledged certain exceptions to this rule, such as where the owner of the patent has specifically disclaimed any interest in pursuing litigation related to the patent in favor of the party who has brought a suit. *See Ethicon*, 135 F.3d at 1468 n.9. The very existence of exceptions to the general rule demonstrates that the *Ethicon* rule is not an immutable one, and may give way in certain circumstances.

In our judgment, one such circumstance in which the *Ethicon* approach must give way is in the factual scenario presented here, where the missing co-owner is a sovereign who cannot be sued. We are not aware of any case in which the Federal Circuit has considered whether the *Ethicon* line of authority should apply where the missing party is a sovereign. In our judgment, in that circumstance, the Federal Circuit would address the significance of the missing party not as a matter of standing but as a Rule 19 question: as this Court has done, and as did the court in *Delano Farms*. As we explained in our previous Rule 19 analysis, a holding that a declaratory judgment action can never proceed in the absence of a co-owner who is a sovereign would allow a patent holder like KGK to threaten patent suits (as it threatened SourceOne here) with impunity. KGK would be secure in the knowledge that if anyone did not accede to its demands and instead sought declaratory relief, then KGK "could retreat behind the Government's cloak of immunity and prevent the infringement or invalidity of the '125 Patent from ever being tested in court" (Mem. Op. at 15). We do not believe the Federal Circuit would adopt such an approach, which would allow "a private patentee such as KGK that kind of unreveiwable sway in exercising its patent rights" (*id.*).

7

In support of its Motion for Reconsideration, KGK relies on cases involving private parties, where all patent co-owners were amenable to suit in some court if not the one in which the litigation began. *See, e.g., Israel Bio-Engineering Project*, 475 F. 3d 1256. In a declaratory judgment action brought by an accused infringer against private patent owners, the plaintiff often can require the participation of all owners by suing in the appropriate jurisdiction and naming them as defendants. If personal jurisdiction is found to be lacking over a particular defendant, the case could be dismissed and re-filed in an appropriate forum. While there might be situations in which all owners are not amenable to suit in one forum, application of the *Ethicon* rule in a suit involving private parties does not invariably lead to that result. However, where the absent party is a sovereign who cannot be sued anywhere, application of the *Ethicon* rule would be the death knell of any declaratory judgment action against the private co-owner. It not only would leave SourceOne with no remedy in its chosen forum, but would leave SourceOne with no remedy at all.

In *Dainippon*, the Federal Circuit expressed its distaste for the possibility that all private parties might not be subject to suit in the same court: "Stripped to its essentials, [defendant argues that it can] threaten its competitors with infringement without fear of being a declaratory judgment defendant, save perhaps in the state of incorporation of the holding company. This argument qualifies for one of our 'chutzpah' awards." 142 F. 3d at 1271. We conclude that where the missing party is a sovereign who cannot be sued anywhere, the Federal Circuit would not allow the private co-owner to use its patent rights as a bully stick that could never be challenged and thus would not apply the *Ethicon* rule.

## III.

Finally, KGK looks for support in the Federal Circuit's recent decision in *Univ. of Pittsburgh v. Varian Medical Sys., Inc.*, ___ F. 3d. ___, 2009 WL 1587284 (Fed. Cir. June 9, 2009), which KGK has cited as supplemental authority (doc. #71). In *Univ. of Pittsburgh*, an appeal was taken from the district court dismissal with prejudice of a patentee's infringement action for failure to join a co-owner of the patent in the suit. *Univ. of Pittsburgh*, 2009 WL 1587284 at *1. On appeal, the Federal Circuit expressly declined to rule on whether the absent party was indeed a necessary one or whether the dismissal was a proper exercise of the district court's discretion, finding only that since the dismissal was not one on the merits, it should not have been one with prejudice. *Id.* at *2.

*Univ. of Pittsburgh* does not advance KGK's cause. In vacating the district's court's dismissal with prejudice, the appeals court noted that the district court had dismissed the case for failure to join a required party under Rule 19, "or more generally, a dismissal for lack of standing." *Univ. of Pittsburgh*, 2009 WL 1587284 at *2. As the *Univ. of Pittsburgh* court explained, "if the district court concluded that [the plaintiff] failed to join a co-owner of the patents in suit, *then it had discretion to dismiss the action*, but it lacked the discretion to do so with prejudice." *Id.* at *2 (emphasis added). If the presence of the patent co-owner was a prerequisite, as KGK argues is true under the *Ethicon* rule, then the district court would have had no discretion; it would have been obligated to dismiss the suit. Thus, if anything, *Univ. of Pittsburgh* lends support to our conclusion that this Court has the discretion to allow claims on the '125 Patent to proceed despite the absence of the Government.

## CONCLUSION

For the foregoing reasons, KGK's Motion for Reconsideration (doc. # 64) is denied.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: June 29, 2009